SULLINS *v.* BUTLER *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

Jesse Cantrell, of Watertown, for petitioner.

Roy H. Beeler, Attorney-General, and Harry Phillips, Assistant Attorney-General, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

Earl Sullins, by his petition herein, challenges the constitutionality and undertakes to enjoin the enforcement of certain sections of Chapter 90, Public Acts of 1937, as amended by Chapter 205, Public Acts of 1939, familiarly known as the Driver's License Law. Petitioner is a judgment debtor for damages in the sum of $162, resulting from his negligent operation of an automobile, which

judgment is unappealed from, final, and unsatisfied, execution having been returned *nulla bona.* When petitioner failed and refused to satisfy said judgment his driver's license was suspended by the defendant Butler, Director of Safety, as required by the act.

The trial court was of the opinion that the act was valid, and sustained the demurrer of the defendants and dismissed the petition.

Section 11 of the original act, as amended by the 1939 Act, section 5, is as follows:

"(b) In the event of any final judgment for damages to property or personal injury resulting from the negligent operation of any motor vehicle is recovered, and in the event such final judgment is not fully paid, satisfied and discharged within sixty days from the date said judgment becomes final, the Department of Safety shall forthwith suspend the license of any chauffeur or operator of the motor vehicle against whom said judgment was rendered; and said license shall not be restored to such operator of said vehicle, until such final judgment shall have been fully paid, discharged and satisfied."

The violation of the act is made a misdemeanor, punishable by fine and imprisonment.

The validity of the act is assailed upon the ground that it violates Article 1, section 18, of the State Constitution, which provides:

"The Legislature shall pass no law authorizing imprisonment for debt in civil cases."

■■ Counsel for petitioner has misinterpreted the act. It contains no provision authorizing imprisonment for failure to pay a judgment founded upon the negligent operation of an automobile. Should petitioner never pay the $162 judgment entered against him, he could at no time be imprisoned for such failure. The punishment

prescribed in the act is for operating an automobile after the operator's driver's license has been revoked.

The driving of an automobile is a privilege, not a property right, and is subject to reasonable regulation under the police power in the interest of the public safety and welfare. 5 Am. Jur., 593; 42 C. J., 740, 746; *Hendrick* v. *Maryland,* 235 U. S., 610, 35 S. Ct., 140, 59 L. Ed., 385; *Rutherford* v. *City of Nashville,* 168 Tenn., 499, 79 S. W. (2d), 581.

Thirty-one states and the District of Columbia have laws requiring that operating privileges be suspended for failure to satisfy motor accident judgments. We have been cited to no authority holding such laws invalid. On the other hand such statutes have been sustained in the following cases: *In re Opinion of the Justices* (1925), 251 Mass., 617, 147 N. E., 680; *Watson* v. *State Division of Motor Vehicles* (1931), 212 Cal., 279, 298 P., 481; *Garford Trucking, Inc.,* v. *Hoffman* (1935), 114 N. J. L., 522, 177 A., 882; *Jones* v. *Harnett* (1936), 247 App. Div., 7, 286 N. Y. S., 220, affirmed without opinion by the Court of Appeals in 271 N. Y., 626, 3 N. E. (2d), 455; *State ex rel. Sullivan* v. *Price* (1937), 49 Ariz., 19, 63 P. (2d), 653, 108 A. L. R., 1156; *Nulter* v. *State Road Commission of W. Va.* (1937), 119 W. Va., 312, 193 S. E., 549, 194 S. E., 270; *Rosenblum* v. *Griffin* (1938), 89 N. H., 314, 197 A., 701, 115 A. L. R., 1367.

The general rule covering the subject is stated in 5 Am. Jur., 593, as follows:

Section 157. "The statutes regulating the granting of operators' licenses or drivers' permits usually provide for their revocation. It is competent for the legislature to prescribe the conditions under which the privilege of operating an automobile on the public highways may be exercised. The fact that the license or permit was

granted under a statute or ordinance which stated that it should be perpetual unless revoked as provided in such statute or ordinance, and which contained no provision for revocation, does not preclude revocation under a provision introduced by subsequent amendment.

"A license to operate an automobile is not property, but a mere privilege, the suspension of which does not deprive the licensee of his property without due process of law. The licenses or permits may not be revoked arbitrarily.

"The authority to revoke cannot be delegated to an official without prescribing what shall constitute grounds for revocation."

Section 158. "The power of the state to deprive a person of a license to operate a motor vehicle until he has satisfied a prior judgment against him in an action for damages resulting from the operation of a motor vehicle is generally sustained."

The primary basis for holding such statutes reasonable is, as stated by the Arizona Supreme Court, that the many fatalities throughout the nation (35,000 killed in 1936) from the operation of motor vehicles on the public highways justifies the public in taking every available legal and constitutional precaution to minimize the slaughter. That court, in concluding its opinion, said [49 Ariz., 19, 63 P. (2d), 656, 108 A. L. R., 1156]: "To many people the right to own and operate a motor vehicle has become an obsession, and to deprive them of such is as severe a punishment as can be reasonably inflicted. Besides, its prompt enforcement will be a most wholesome example to others that like treatment will be theirs in similar circumstances."

Upon this question the Supreme Court of Massachusetts, in the case cited above, said: "A statute of

that nature may have a tendency to prevent conduct by a licensee capable of being the basis of such a judgment, and thus promote the public safety. It would have a tendency to keep off the highway those shown by their conduct to be dangerous to other travelers. It may be thought by the Legislature that such a judgment debtor, who did not do what the law required of him, as declared by the judgment, to repair damage already done by him, was not a fit person to be intrusted again with the responsibility of operating a motor vehicle on the public ways. From the viewpoint of the common good and general welfare the proposed statute cannot be pronounced obnoxious to the Constitution." (Citing cases.)

In the West Virginia case mentioned herein the Supreme Court of that state gave the following reason for holding the statute valid [119 W. Va., 312, 193 S. E., 552]:

"The probable inability of some motor vehicle owners to pay the damages resulting from negligent operation is stressed by counsel as making the statute punitive rather than protective, and as not affording the equal protection designed by the Constitution. The statutory punishment should make the impecunious operator more careful, and thus tend to protect the public. Further protection is secured by the statute in this sense; the public will be either compensated for such damages, or no longer exposed thereto by persons unable to pay. And financial responsibility, alone, is not a test of constitutional equality. This very contention, against a New York statute requiring security from persons who operated motor vehicles for hire, was found wanting in *Packard* v. *Banton*, 264 U. S., 140, 44 S. Ct., 257, 68 L. Ed., 596."

A person who is execution proof will quite naturally

operate his automobile more carelessly and negligently when he knows that the only effect of any damage occasioned thereby will be a civil action. On the other hand when he is conscious of the fact that if he incurs liability by his negligence, and has not the financial ability to discharge same that his driver's license will be revoked, he will necessarily operate his automobile with more care and circumspection. The enforcement of this statute will also have the effect of depriving a number of incompetent persons from operating motor vehicles upon the highways of the state.

A thoughtful consideration of this statute convinces us that it is a wise and wholesome law. In some instances it may work hardships, as most laws do, but when tested by the greatest good to the greatest number it impresses us as being reasonable and beneficent. No question was raised by defendants as to the territorial jurisdiction of the case, or the trial court's jurisdiction of the subject matter, and the court, considering the suit to be of an equitable nature, took jurisdiction to hear and determine the case upon the principles of equity under the authority of section 10329 of the Code.

For the reasons stated herein the judgment of the circuit court will be affirmed.