201 P.2d 124

GOODWIN v. SUPERIOR COURT OF YAVAPAI COUNTY et al.

No. 5179.

Supreme Court of Arizona.

Dec. 27, 1948.

Rehearing Denied Feb. 10, 1949.

Evo DeConcini, Atty. Gen. and R. G. Langmade, Asst. Atty. Gen., for applicant.

T. J. Byrne, of Prescott, for respondents.

STANFORD, Chief Justice.

Applicant M. A. Goodwin, as Superintendent of Motor Vehicle Division of the Arizona State Highway Department, filed an original application for a writ of prohibition before this court asking that an alternative writ of prohibition issue to respondents, the Superior Court of Yavapai County and Honorable W. E. Patterson, Judge of said court, prohibiting the respondents from in any way proceeding with a certain action pending in the Superior Court of Yavapai County, Arizona, or to appear in the Supreme Court and show cause why the same should not be done and that at said hearing the alternative writ of prohibition be made peremptory.

The proceeding out of which the present application grows was instituted by Ross A. Spangler against respondent Goodwin, and is as follows:

"I. That he is a resident of Yavapai County, Arizona; and respondent is the

duly appointed, qualified and acting Superintendent of the Division of Motor Vehicles, Arizona State Highway Department, and in charge of the issuance, suspension and revocation of motor vehicle driver's licenses.

"II. On or about October 4, 1948, petitioner having theretofore been informed as to the penalty which would be imposed, plead guilty in the Justice Court, Norfolk, Nebraska, to a charge of operating a motor vehicle on the public highways of the State of Nebraska, while under the influence of intoxicating liquor, and upon the entry of such a plea, petitioner was fined by the said Justice of the Peace, the sum of $50.00, and costs, which he thereupon paid; and, thereupon, immediately left the State of Nebraska in his automobile, and returned to his home in Prescott, Arizona.

"III. That the plea of guilty made by petitioner, as before stated, was solely for the reason of his convenience and economy, petitioner not feeling himself guilty of the offense charged, but being unable to spend the time and incur the cost involved in contesting the said charge.

"IV. On the 25th day of October, 1948, respondent, without giving petitioner any opportunity to be heard, and without any process in law, entered his order revoking the petitioner's chauffeur's license number 11725; and thereafter, a representative of respondent demanded of petitioner, under threat of a criminal prosecution, the return of said license, which petitioner surrendered to the said agent of respondent.

"V. Petitioner is an employee of the City of Prescott, a municipal corporation, and as part and parcel of the duties of his employment, is required to drive a motor vehicle in the ownership of the said city, and is required, under the laws of the State of Arizona, to be a licensed chauffeur.

"IV. That the revocation of petitioner's said license by respondent was and is without any authority in law; and deprives petitioner of his right to the use of property, and the making of a livelihood, and of the privilege of operating a motor vehicle upon the highways of the State of Arizona.

"Wherefore, petitioner prays that a hearing be given him upon the matters set forth in his foregoing petition, after notice given to respondent, as required by the provisions of 66-252, A.C.A.1939."

Thereafter, respondent Goodwin filed in said action his motion for summary judgment, upon the ground that there was no genuine issue as to any material fact, and that respondent was entitled to judgment as a matter of law. This motion was denied, the effect of such ruling and the court's refusal to dismiss the petition being a determination that said court has jurisdiction to entertain the suit. It appears that the judge of said court will proceed to try the case and render a

judgment therein unless this court orders otherwise by writ of prohibition.

In answer to the alternative writ of prohibition the respondents filed a motion to dismiss and our consideration of such motion will dispose of the prohibition matter now before us.

It will be observed that respondents' contention in this matter is based on the right of Ross A. Spangler to a hearing before the superior court of Yavapai County under section 66-252, A.C.A.1939, which reads:

"Review by court of suspension or revocation.—Any person denied a license, or whose license has been revoked by the division, except when such revocation is mandatory hereunder, may, within thirty (30) days thereafter, file a petition for a hearing in the matter in the superior court in the county where he resides, and such court shall set the matter for hearing upon ten (10) days written notice to the vehicle superintendent, and thereupon hear and determine the petition."

Another section of our code, 66-248, in part, reads:

"(b) The division shall forthwith revoke the license of any person upon receiving a record of his conviction of any of the following offenses:

       *       *       *       *       *       *

"Driving a vehicle while under the influence of intoxicating liquor or a narcotic drug;".

Section 66-250, A.C.A.1939, under the heading of "Revocation of non-resident's permit—Penalty—Revocation on foreign conviction" under that part pertaining to "foreign conviction" reads:

"* * * The division shall suspend or revoke the license of any resident upon receiving notice of the conviction of such person in another state of an offense therein, which if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur, * * *."

The record before us shows an abstract of court record from Norfolk, Nebraska, certifying that on the 4th day of October, 1948, Ross A. Spangler was charged and convicted in the justice court of Madison County, Nebraska, of the crime of drunken driving and the judgment and sentence of the court was that he pay the fine of $50.00 and costs of $4.00. The copy specifically recites that the said Ross A. Spangler "unlawfully operated a motor vehicle upon the highways in said county while under the influence of intoxicating liquor", and the order further shows that said Ross A. Spangler thereupon plead guilty to the crime charged. As a further part of said record we find the following:

"It is further ordered by the Court that the defendant's driving privilege be and the same hereby is suspended for a period of thirty (30) days from this date."

On receipt of the certified copy of said conviction, the applicant herein, M. A. Goodwin, superintendent of the division of the motor vehicle department of the State Highway Department of Arizona, without a hearing or any notice to the license holder, issued an order of revocation of the license of Ross A. Spangler. The order was issued on the 25th day of October, 1948, and decided, among other things, that the license of said Spangler was revoked, the revocation to remain in effect for a period of one year.

Primarily, and as a matter of statutory construction, it is the position of the respondents that Spangler was entitled to have the Superior Court of Yavapai County review, under the provisions of section 66-252, supra, applicant's order revoking his chauffeur's license, it being maintained that the phrase " * * * except when such revocation is mandatory *hereunder,* * * * " (emphais supplied) appearing therein, refers only to those offenses involving motor vehicles committed within Arizona as is set forth under section 66-248, supra. We believe that this contention is untenable and does not comport with either logic or reason. Section 66-250, supra, which provides for revocation on foreign conviction precedes the provision for court review, and it specifically provides that the division (motor vehicle) shall revoke a resident's license upon notification of his conviction in a foreign state of an offense which would be grounds for revocation of a license in this state.

While the spirit of common fairness as well as all legal principles require that an individual charged with crime be permitted an opportunity to be heard and to disprove the charge before he is condemned, it must be remembered that Spangler was given this opportunity in Nebraska, and by pleading guilty to the offense of driving an automobile while under the influence of intoxicating liquor he must now accept all of the burdens and disabilities that flow from the Nebraska judgment of conviction. Such was undoubtedly the intention of the legislature of Arizona in enacting our present motor vehicle code. While the law is drastic and may in some instances work a hardship, still the law is manifestly directed to the promotion of public safety by keeping those convicted of driving while under the influence of intoxicating liquor off the highways of Arizona, whether their offense was committed within or without the confines of the state.

The case of Gentry v. Blinn, 184 Okl. 9, 84 P.2d 27, 30, is one where one McWhorter was convicted upon a plea of guilty in the district court of Oklahoma County where he was charged with the offense of driving an automobile while under the influence of intoxicating liquor. He was assessed a fine and his license was suspended for thirty days. Gentry, commissioner of public safety of Oklahoma,

upon receipt of the record of conviction issued an order revoking McWhorter's license. McWhorter filed a petition for a hearing in the matter of revocation of license. Section 25 of the Act, 47 Okl.St. Ann. § 295, provides:

"The Commissioner shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction in any court of record of any of the following offenses, when such conviction has become final.

\*    \*    \*    \*    \*    \*

"Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug".

Without further statement of the facts and the law of that state, we quote as follows:

. "The legislative intent then is clearly made to appear as leaving it within the discretion of the Commissioner of Public Safety to suspend or revoke the license under Section 26 [47 O.S.1941 § 296] of the Act in all cases *other than those specifically mentioned and named in section 25 of the Act*. This brings the Act in harmony with the clear intent of the Legislature to except cases where the cancellation or revocation of the license is made mandatory under the provisions of the Act, in Section 30 of the Act [47 O.S. 1941 § 300] in providing for appeal to or review by the County Court. To hold

otherwise would leave that part of Section 30, supra, which reads, 'Except where such cancellation or revocation is mandatory under the provisions of this Act', as nugatory and meaningless. In other words to hold otherwise would be to say that in no case is the cancellation or revocation of the license 'mandatory'. Likewise to hold otherwise would be to render all the provisions of Section 25, ineffective.

"In this case we need not consider the question of the power of the District Court to cancel or suspend the license under the provisions of subsection 10, of Sec. 6, of the Act [47 O.S.1941 § 276, subd. 10]. It is the power or jurisdiction of the Commissioner of Public Safety with which we are to deal." (Emphasis supplied.)

The case of Ratliff v. Lampton, Cal. Sup., 195 P.2d 792, 793, is where the director of motor vehicles issued an order revoking plaintiff's license to drive an automobile claiming that it appeared from the records of the department that "he was 'unable to operate a motor vehicle safely upon the highways because of physical or mental disability or lack of skill as shown by examination or other evidence; and in particular because he is subject to a condition causing momentary lapses of consciousness or control.'" Plaintiff Ratliff was notified of this order which became immediately effective and

**114**

he was advised that his license must be surrendered, but that he could demand a hearing at any time within sixty days. The order was issued January 2, 1946, and approximately forty days thereafter plaintiff, without surrender of the license, made demand for hearing. When told that he must first surrender his license before date could be set, plaintiff brought this action for a declaratory relief and the court entered judgment restraining revocation of his license pending a hearing to determine whether it should be revoked, and from that judgment the director of motor vehicles, Lampton, appealed. While this case most thoroughly enters into the question of whether the department was authorized to revoke the license without giving the plaintiff an opportunity to be heard, it did say " * * * We are not concerned with those provisions which make it mandatory upon the department to revoke or suspend the privilege of any person to operate a motor vehicle upon the highway upon receipt of a record showing that he has been convicted of certain specified offenses. * * *" Among the offenses specified, is driving upon the highway while in an intoxicated condition.

It accordingly appears that the courts of different states do recognize that a conviction of one of the offenses mentioned which is mandatory is sufficient ground for the revocation of license without notice or a hearing.

Campbell v. State, Okl.Cr.App., 173 P. 2d 584, 585, is where defendant appealed from a judgment and sentence imposed upon him when he entered his plea of guilty in the county court of Garfield County, Oklahoma. The court in rendering judgment stated:

" * * * The defendant, based on his plea of guilty, will be found guilty, sentenced to five days in the Garfield County Jail, and a fine of $25.00 and costs in the action; the defendant is ordered to surrender his driver's license to the Court for transmittal to the State Commissioner of Public Safety."

One of the contentions on appeal made by defendant was that the county court erred in directing defendant to surrender his driver's license to the court for transmittal to the commission of public safety, and the appellate court in its opinion in that respect stated:

" * * * Undoubtedly, it will work a hardship on the defendant, as it does on many defendants who have their drivers' licenses revoked or suspended, but this is a matter for the legislature to determine and is not a matter for the determination of this court. * * *"

Finally it is the respondents' contention that an interpretation of the Arizona statutes, such as we have just made, to the effect that the phrase " * * * when such revocation is mandatory hereunder, * * *" (section 66–252, supra) applies to the enumerated motor vehicle

offenses committed both within and without the confines of Arizona, makes the statute unconstitutional in that it is violative of the "due process" clause of the Constitution of the State of Arizona, article 2, section 4, as well as the 14th Amendment to the Constitution of the United States. A complete answer to this contention is that property rights are not here involved. We quote from Blashfield's Cyclopedia of Automobile Law and Practice, § 580:

" * * * A license to operate a motor vehicle is not a contract or property right, but a mere privilege, the enjoyment of which depends upon compliance with conditions prescribed by the state and is subject to its control. · However, a license to drive cannot be taken from the licensee arbitrarily or capriciously."

See also Commonwealth of Pennsylvania v. Cronin, 336 Pa. 469, 9 A.2d 408, 125 A.L.R. 1455.

"Due process of law requires no special provision for granting a hearing to applicants for registration by the board of registration in medicine * * *. (Syllabus)

"Neither is the right of appeal essential to due process of law. In nearly every state are statutes giving, in criminal cases of a minor nature, a single trial, without any right of review. * * *" Reetz v. Michigan, 188 U.S. 505, 506, 23 S.Ct. 390, 47 L.Ed. 563.

Respondents' motion to dismiss is denied and the alternative writ of prohibition is made peremptory.

LaPRADE and UDALL, JJ., concurring.