Howard SESSIONS, individually, and on behalf of others similarly situated, and as a Public Service Matter, Plaintiff,

v.

STATE OF CONNECTICUT, by Its Officials, Hon. John Dempsey, individually, et al., Defendants.

Civ. A. No. 12468.

United States District Court
D. Connecticut.

May 16, 1968.

Howard Sessions, pro se.

David B. Beizer, Hartford, Conn., Robert K. Killian, Atty. Gen., of Connecticut, for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

CLARIE, District Judge.

This action for a declaratory judgment requests the impanelling of a three-judge District Court to determine the constitutionality of the Connecticut Merit System Act, Title 5, Conn.Gen. Stat. (Rev.1958). It also petitions for the granting of an injunction to prevent the operation and enforcement of this statute pursuant to 28 U.S.C. § 2281. The Court denied the application for a three-judge panel on April 10, 1968, because it failed to present a substantial federal question. The defendants, then filed the present motion to dismiss the complaint pursuant to Rule 12(b), Fed. R.Civ.P., which motion is granted.

The plaintiff, prior to February 15, 1967, had been employed by the Connecticut State Welfare Department as an administrative assistant to the director. At that time, he had achieved permanent status in his position pursuant to the provisions of the Merit System Act. On said date the State Welfare Personnel Director ordered his dismissal for excessive absenteeism and the falsification of his World War II disability record. On March 7, 1967, the petitioner was reinstated and immediately dismissed to correct an administrative error. Pursuant to § 5–60 of the Connecticut General Statutes (Rev.1958), the plaintiff appealed to the Personnel Appeal Board which, after a full hearing, sustained his dismissal in its decision of April 18, 1967.

The plaintiff is now proceeding pro se and his complaint is replete with conclusory allegations of the denial of constitutional rights. While his complaint seeks a declaratory judgment, it also contains allegations that the defendants, acting under color of law, conspired to deprive the plaintiff of his constitutional rights and privileges; allegations which are usually associated with actions under the Civil Rights Act, 42 U.S.C. § 1983. The declaratory relief sought pertains to the constitutionality of the provisions of Title 5 of the general statutes, 1958, revision. Effective June 30, 1967, this title was repealed by Public Act No. 657 of the Connecticut General Assembly and thus any questions as to its constitutionality at this time have now become moot. The one question which remains, however, is whether this plaintiff was deprived of any constitutional rights by the action of the defendants in dismissing him from his employment, pursuant to the procedures then in effect. This issue can be resolved as a matter of law on defendant's motion to dismiss, because it clearly appears from the complaint and his oral representations at the hearing on this motion,[1] that plaintiff had been deprived of no federally protected

---

1. THE COURT: "In other words your claim in a nutshell is this, that because the state law does not provide for a judicial review of the Personnel Appeal Board's decision, that is a violation of your constitutional rights; is that correct?"
MR. SESSIONS: "I feel that it is your Honor * * *."

THE COURT: "As I understand your position, if there were a judicial review, if you could appeal from the Personnel Review Commission's decision that would satisfy your claim. In other words, there should be an appellate review of their decision."
MR. SESSIONS: "By a properly constituted court, yes your Honor." (Tr.)

rights, hence this Court is without jurisdiction of the subject matter.

Plaintiff's claim, reduced to its simplest terms is this: a state employee, once having attained permanent status in the classified service, cannot be removed without reasonable cause. If such an employee is removed, he is entitled to a hearing before the Personnel Appeal Board whose decision to sustain or dismiss the appeal, under the prior act, was final and unreviewable. The absence of a provision for judicial review, he claims, deprives an employee of the constitutional guarantees of equal protection and due process of law.

 The plaintiff makes no claim of discrimination or that he was arbitrarily treated any differently from other state employees who had suffered dismissal by these same procedures.[2] His equal protection argument is based solely on the fact that state employees were precluded by law from appealing the decision of the Personnel Appeal Board to the courts, whereas other citizens enjoy full access to the courts. The logic of this reasoning is not tenable. A private employer who discharges an employee is not required to provide any hearing, because a private employee has no legally protected interest in his employment and thus can be summarily and arbitrarily dismissed. In this respect state employees are given more, not less, protection under the law. The petitioner has misconstrued the effect of § 5–60, as it relates to his constitutional right of access to the courts. The appellate procedure established under § 5–60 is not mandatory, but is optional with the employee. Admittedly, if the employee wishes to be reinstated to his position he must use this procedure, but it is also clear that a public employee has no constitutional right to his job.

"The Court has consistently recognized that * * * the interest of a government employee in retaining his job, can be summarily denied. It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer." Cafeteria and Restaurant Workers Union Local 473, AFL–CIO v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L. Ed.2d 1230 (1961), rehearing denied, 368 U.S. 869, 82 S.Ct. 22, 7 L.Ed.2d 70 (1961).

"Public employees, of course, have no absolute right to a hearing on discharge from public employment because government employment is a privilege and not a property right." Birnbaum v. Trussell, 371 F.2d 672, 677 (2d Cir. 1966).

Were the law otherwise, the employment status of any governmental employee could not be terminated without subjecting the employer to a protracted judicial hearing. This would impose a prohibitive burden on the employer and result in a substantial reduction in government work production standards. Administrators would generally accept

---

2. THE COURT: "How do you claim, Mr. Sessions, you were discriminated against —how were you treated any differently than any other person in the state employ, who under similar circumstances would have been given a hearing such as you apparently received? In other words, how were your rights discriminated against, other than to claim that the law provides no appeal to the Court from the decision of the appellate review board and for that reason you claim that you have been constitutionally deprived of a right that you represent you are entitled to? Now, other than that latter claim, in what way were you discriminated against personally as an individual? How were you treated differently than any other person to whom this law would be applied?"
MR. SESSIONS: "I don't think I have been, your Honor, discriminated against in any other way than hundreds of other people have been. I feel that—I hold that the law, the implementation of this law is contrary to the state constitution, the State of Connecticut, which is not in issue in this case, except by reason of ratification of the federal constitution, and it is contrary to the United States Federal Constitution."
"I don't claim to be treated any differently from any other people." (Tr.)

an inferior service, rather than be subjected to the rigors of a judicial hearing, where evidential proof would be required to justify their administrative personnel decisions.

■■ The equal protection clause requires that if a procedure for a hearing is established, it must be administered fairly and without discrimination. The Connecticut procedure did not afford plaintiff a lesser degree of access to the courts than other citizens, because whatever interests he had in his employment which were entitled to legal protection, e.g., reputation and vested pension rights, could still be safeguarded against arbitrary state action by a proper remedy in the state courts. All that the Personnel Appeal Board could finally adjudicate was whether or not the petitioner was entitled to remain in the public employ. That the decision on this question was final and not reviewable by the courts did not constitute a constitutional deprivation of equal protection.

■ Nor did the provisions of § 5–60 or its application deprive the plaintiff of life, liberty or property without due process of law.

"It has been held repeatedly and consistently that Government employ is not 'property' and that in this particular it is not a contract. We are unable to perceive how it could be held to be 'liberty'. Certainly it is not 'life'." Bailey v. Richardson, 86 U.S. App.D.C. 248, 182 F.2d 46, 57 (1950), aff'd by an equally divided court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951).

In cases of this nature, however, it is not enough to state that government employment is a privilege and not a constitutionally protected right. The Supreme Court has indicated on several occasions that it is unconcerned with a strict analysis of the terms "life, liberty or property". It has held that a public employee may have an interest in his employment which is protected by the due process clause notwithstanding its failure to come within the generally accepted meanings of these words. Cf. Cafeteria and Restaurant Workers Union Local 473, AFL–CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L. Ed. 692 (1956); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1941).

"The principle to be extracted from these cases is that, whenever there is substantial interest, other than employment by the state, involved in the discharge of a public employee, he can be removed neither on arbitrary grounds nor without a procedure calculated to determine whether legitimate grounds do exist." Birnbaum v. Trussell, 371 F.2d at 678.

■ The complaint here contains allegations that the plaintiff, in addition to dismissal:

"* * * (W)ill be deprived of the fundamental and basic right to earn a living, subjected to being blacklisted as an untrustworthy person in the open labor market, subjected to a ruined reputation, and denied the basic right to provide for (his) old age by reason of automatic cancellation of earned pension rights."

Accepting these allegations as true, as we must on this motion to dismiss, it appears that plaintiff had substantial interests in his employment other than merely the employment itself, which were entitled to protection against arbitrary state action. We are thus faced with the question, whether the Connecticut procedure for dismissal satisfied the requirements of due process or whether judicial review of the decision of the Appeal Board was constitutionally required.

■ It has long been established that "due process is not necessarily judicial process." St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 77, 56 S.Ct. 720, 737, 80 L.Ed. 1033 (1936); Reetz v. People of State of Michigan,

188 U.S. 505, 507, 23 S.Ct. 390, 47 L.Ed. 563 (1903); Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 280, 15 L.Ed. 372 (1855).

> "For due process there must be an orderly proceeding in an appropriate and impartial tribunal; but due process is not necessarily judicial process; it may for some purposes be accorded by an administrative board or officer." L. B. Wilson, Inc. v. Federal Communications Com'n., 83 U.S.App.D.C. 176, 170 F.2d 793, 802 (1948).

The constitution does not always entitle a person aggrieved by the action of an administrative board to have the correctness of its findings reviewed by a court. All that is required is that at some point, that person is given an adequate opportunity to be heard and meet the charges against him before an impartial tribunal. Once this opportunity for a hearing is provided, no provision in the constitution requires that an appeal must be allowed. "If a single hearing is not due process, doubling it will not make it so." Pittsburgh & c. Railway Company v. Backus, 154 U.S. 421, 427, 14 S.Ct. 1114, 1117, 38 L.Ed. 1031 (1884); Reetz v. People of State of Michigan, 188 U.S. 505, 508, 23 S.Ct. 390, 47 L.Ed. 563 (1902). This is particularly true in the area of public employment, an area especially inappropriate for judicial action. The Regulations of the State Civil Service Commission, § 14–125, require notice to the employee setting forth the charges against him, an opportunity to present evidence, cross-examine witnesses, and, when appropriate, present oral arguments. This procedure satisfies the requirements of due process.

It should be noted also, that while the findings of the Appeal Board are unreviewable, an aggrieved party does have the remedy of mandamus available, to insure against the board's acting illegally or arbitrarily.

> "The function of the court in this action in the nature of mandamus is not to interfere with the exercise of the judgment and discretion which the statute reposes in the appeal board but merely to decide the limited question whether the board, in exercising its judgment and discretion, acted in disregard of the law defining its powers, capriciously or arbitrarily, and not in the honest exercise of its discretion." Hannifan v. Sachs, 150 Conn. 162, 166–167, 187 A.2d 253, 255 (1962).

Thus, Connecticut law provides both a fair hearing before the discharge becomes final, and a judicial remedy to assure that this hearing is conducted legally. In view of this, it cannot be said as a matter of law that the petitioner was deprived of any constitutional rights by his discharge from state government employment pursuant to the statutes then in effect. Defendants' motion to dismiss is granted.