IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL E. WEBER, | § | |
| | § | No. 486, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0010007121 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2019
Decided: July 19, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    In 2001, the appellant, Paul Weber, was convicted of forgery and received a thirty-day sentence. Weber sought to appeal that conviction. But his appeal was dismissed because, under Article IV, Section 11(1)(b) of the Delaware Constitution, this Court lacks jurisdiction to receive an appeal in a criminal matter unless the sentence imposed is a term of imprisonment exceeding one month or a fine exceeding $100.[1]

---

[1] *Weber v. State*, 2002 WL 31235418 (Del. Oct. 4, 2002).

(2) Then came the event that gave rise to Weber's current case and a great deal of prior litigation. In 2005, Weber was convicted of attempted first-degree robbery and sentenced as a habitual offender to twenty-five years in prison. Weber's unappealable forgery conviction was one of the predicate offenses. Weber took an appeal from his attempted robbery sentence to this Court and argued that it was unconstitutional for an offense that he could not appeal to be used as a predicate to deem him a habitual offender and subject him to a minimum mandatory sentence of a quarter century.[2] This Court issued a formal decision and rejected Weber's argument.[3] The Court reversed the attempted robbery conviction on other grounds and remanded for a new trial.[4] On remand, Weber was again convicted and sentenced as a habitual offender to twenty-five years in prison. This Court affirmed on direct appeal.[5]

(3) Since that time, Weber has sought to relitigate the question of whether it was unconstitutional for an unappealable offense to be used to enhance the sentence for his later attempted robbery conviction. Given the procedural bars that

---

[2] The sentencing range for attempted first-degree robbery was three to twenty-five years. *See* 11 *Del. C.* § 832 (providing for a minimum sentence of three years' imprisonment for first-degree robbery and establishing first-degree robbery as a class B felony); *id.* § 4205(b)(2) (providing that the sentence for a class B felony is "not less than 2 years up to 25 years to be served at Level V"). The applicable habitual offender statute required the judge to sentence Weber to at least twenty-five years in prison. *Id.* § 4214(a).

[3] *Weber v. State*, 971 A.2d 135, 158-60 (Del. 2009).

[4] *Id.* at 139-40.

[5] *Weber v. State*, 38 A.3d 271 (Del. 2012).

exist to using a postconviction petition under Rule 61 to relitigate a question addressed on direct appeal,[6] Weber has sought to frame his argument in different ways. But his essential argument involves this question: if a state denies a defendant a right of appeal, may it use that conviction as a basis to deem the defendant a habitual offender and expose him to the serious punishment for a later offense that comes with that label? As recently as last year, Weber pressed a variation on that argument in a Rule 61 petition. This Court affirmed the Superior Court's denial of that petition.[7]

(4)     Understandably not satisfied with that result, Weber then filed with the Superior Court the Motion for Relief of Judgment that is the subject of Weber's current appeal. In that motion, which the Superior Court denied, Weber attempts to avoid the procedural bar by reframing his key argument as solely an attack on his forgery conviction. But, of course, it is not. Weber has no colorable argument that the provision of the Delaware Constitution that denies an appeal for sentences of a month or less is, alone and in itself, unconstitutional.[8] His argument, to the extent it

---

[6] SUPER. CT. CRIM. R. 61(i)(1)-(4); *id.* R. 61(d)(2).

[7] *Weber v. State*, 2018 WL 5993473 (Del. Nov. 13, 2018).

[8] *See Garza v. Idaho*, 139 S. Ct. 738, 744 n.4 (2019) (stating that the United States Supreme Court "has never recognized a 'constitutional right to an appeal'"); *Reetz v. Michigan*, 188 U.S. 505, 508 (1903) ("Neither is the right of appeal essential to due process of law. In nearly every state are statutes giving, in criminal cases of a minor nature, a single trial, without any right of review."). *See also Abney v. United States*, 431 U.S. 651, 656 (1977) (citing *Reetz* and stating that "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute; in order to exercise that statutory right of appeal, one must come within the terms of the applicable statute").

has color, is that Delaware cannot treat a conviction for which it afforded no right of appeal as a predicate for a later habitual offender determination with far more serious consequences.

(5)     We understand that Weber is arguing that to the extent that a conviction will have the potential future consequence of acting as a predicate offense and subjecting a defendant to habitual offender status, the Due Process Clause requires that the state afford an appeal right. In other words, Weber contends that a defendant who has been convicted of an offense and gotten, say, a fifteen-day sentence, should be able to appeal because the sentence might later be used in a habitual offender proceeding and that consequence is so substantial that it violates due process to deny him a right to appeal. But Weber did not make that argument when he originally appealed his forgery conviction and was denied the chance to appeal. In fact, Weber asserted only a single issue in his opening brief in that appeal—that the Superior Court committed plain error by not giving a limiting instruction concerning certain testimony regarding Weber's drug use[9]—and did not file a reply brief after the State argued in its answering brief that this Court lacked jurisdiction of the appeal because Weber's sentence did not exceed one month. And of course, Weber's brief sentence for forgery was served long before he appealed his attempted robbery conviction.

---

[9] Appellant's Opening Brief, *Weber v. State*, 592, 2001 (Del. May 16, 2002), Docket Entry No. 24.

Thus, the reason this litigation exists is because Weber seeks to escape the consequences of his forgery conviction solely because of that conviction's effect on his status as a habitual offender. Stated directly, Weber seeks to attack the validity of his habitual offender sentence for attempted robbery. His current method is simply a different way of articulating the same essential argument he made in his original direct appeal from his attempted robbery conviction and in his 2018 Rule 61 petition.

(6) We do not question that the issue Weber again seeks to raise is a serious and important one. An obvious reason for the jurisdictional limitation in Article IV, Section 11(1)(b) of the Delaware Constitution is that appeals should be limited when the consequences of a conviction for a defendant are themselves quite limited. But when a conviction can serve as the basis to later deem a defendant a habitual offender, the consequences become much greater, leading one to ask whether there ought to be some mechanism for appellate review of the predicate conviction.

(7) The problem for Weber is that he lost his argument that an unappealable conviction cannot be a predicate offense for habitual offender sentencing on his initial direct appeal ten years ago. More recently, he made the argument again in a Rule 61 motion, the Superior Court held that it was procedurally barred for having been previously adjudicated, and we affirmed that decision last year. He cannot use a motion that does not even exist under the Superior Court's procedural rules to

avoid the requirements of Rule 61, which is the proper vehicle for the type of postconviction relief he seeks.[10] Rule 61 bars Weber's claim because the judgment of conviction has been final for more than a year;[11] the issue has been formerly adjudicated;[12] and the motion is successive but does not plead with particularity new evidence that creates a strong inference of actual innocence or a claim that a new, retroactive rule of constitutional law applies.[13] Additionally, Rule 61 bars him from attacking his forgery conviction because he is no longer in custody for that conviction.[14] "The only exception to the rule [requiring that a defendant be in custody in order to pursue relief under Rule 61] is when the defendant 'suffers collateral legal disabilities or burdens'" from the conviction.[15] But this Court has held, consistent with federal case law applying the "in custody" requirement of the federal habeas statute, that later use of a conviction as a predicate offense for habitual offender sentencing is not a collateral legal burden for purposes of the "in custody" requirement of Rule 61.[16]

---

[10] *See Alley v. State*, 2015 WL 7188326, at *1 (Del. Nov. 13, 2015) ("Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a conviction.").

[11] SUPER. CT. CRIM. R. 61(i)(1).

[12] SUPER. CT. CRIM. R. 61(i)(4).

[13] *Id.* R. 61(i)(2)(i), (d)(2)(i)-(ii).

[14] *See* SUPER. CT. CRIM. R. 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.").

[15] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011).

[16] *Coleman v. State*, 2015 WL 5096047, at *2 (Del. Aug. 27, 2015). *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) ("The question presented by this case is whether a habeas petitioner

(8)     At this stage, Weber has no basis under Delaware law to continue to seek to repeatedly litigate the same issue.  If he wishes to obtain relief, it must be through the pending federal habeas proceeding in which he appears to have asserted the issue.[17]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  We hold that he does not. . . .  In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion.").

[17] Amended Pet. For Writ of Habeas Corpus at 28-33, *Weber v. Metzger*, No. 1:13-cv-00283-LPS (D. Del. Apr. 10, 2019), Docket No. 58.  *See Maleng*, 490 U.S. at 493-94 (holding that the defendant was "in custody" for purposes of a federal habeas petition challenging his later sentences, but "express[ing] no view on the extent to which the [earlier] conviction [which was used as a predicate offense to enhance the later sentences] itself may be subject to challenge in the attack upon the [later] sentences which it was used to enhance").