# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH SESSION, 1999



**FILED**

May 14, 1999

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9704-CC-00160** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **FRANKLIN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| **JAMES A. WOODS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (DORL & Failure to Obey a |
| | ) | Police Officer) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF FRANKLIN COUNTY

FOR THE APPELLANT:

JAMES A. WOODS
6090 Rock Creek Road
Tullahoma, TN 37388

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

J. MICHAEL TAYLOR
District Attorney General

BILL COPELAND
Assistant District Attorney General
324 Dinah Shore Boulevard
Winchester, TN 37398

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, James A. Woods, was found guilty by a Franklin County jury of the misdemeanor offenses of driving on a revoked license[1] and failure to obey a police officer.[2] In this appeal, he argues that his convictions violate his constitutional and legal rights in several regards. We affirm the judgment of the trial court.

The record on appeal does not contain a transcript or other substantially verbatim recording of the evidence or proceedings in the trial court. Because the parties were unable to agree to a statement of the evidence, the trial court was required to resolve the differences between the parties concerning the evidence. The trial judge subsequently filed a statement of the evidence with this Court. See Tenn. R. App. P. 24(c), (e).

The statement of evidence certified by the trial judge reflects that Officer Troy Brown of the Estell Springs Police Department observed an automobile travel over the center line and onto the shoulder of the road on more than one occasion early on the morning of July 17, 1996 on East Brook Road in Estell Springs, Franklin County, Tennessee. Officer Brown followed the vehicle for approximately a mile and then activated his blue lights. After traveling approximately one additional mile, the vehicle pulled over. Officer Brown recognized the Defendant and requested his driver's license, but the Defendant

---

[1] Tenn. Code Ann. § 55-50-504.

[2] Tenn. Code Ann. § 55-8-104.

refused to produce a driver's license, advising the officer that a search warrant was needed. Officer Brown determined by radio that the Defendant's driver's license was in a revoked status. Officer Brown then placed the Defendant under arrest.

The only other witness who testified for the State was Captain Wade Williams, the official custodian of records for the Tennessee Department of Safety. Captain Williams testified that the Defendant had not applied for a renewal of his driver's license since 1980. He further testified that the Defendant's driver's license expired in 1984. He testified that the Defendant's driver's license had been suspended in 1994 because of a conviction of driving without a license. A certified copy of the Defendant's driving record was introduced as an exhibit.

The Defendant testified that he had not possessed a driver's license since 1984. He said that his wallet with his driver's license was stolen or lost at about that time. He further testified generally that requiring him to have a driver's license violated his right to mobility and his right of free passage upon the common highways of the state.

At the conclusion of the proof, the jury found the Defendant guilty of driving on a revoked license and assessed a fine of $250. The jury also found the Defendant guilty of failure to obey a police officer and assessed a fine of $25.

The jury found the Defendant not guilty of the offense of driving on the left side of a roadway.[3]

Although the Defendant does not specifically challenge the sufficiency of the convicting evidence, he does take issue with some of Officer Brown's testimony relating to the charge of failing to comply with the lawful order of a police officer. Based on the statement of evidence certified by the trial judge, however, we do not hesitate in concluding that the evidence presented is sufficient to support the findings of guilt by the jury beyond a reasonable doubt. See Tenn. R. App. P. 13(e).

The Defendant asserts numerous reasons why his convictions should not be allowed to stand. We attempt to summarize his arguments as follows: (1) that citizens of Tennessee have a constitutional right to mobility and free passage upon the common highways as an essential part of liberty which is secured at law; (2) that the right to mobility and free passage may not be declared a privilege by the legislature and thus be subject to taxation by licensure; (3) that the convicting court was without jurisdiction in this case because the indictment referred to provisions of the Tennessee Code Annotated rather than referring to the actual laws as passed by the legislature and therefore failed to adequately inform him of the laws which he was alleged to have violated; (4) that his arrest was illegal and in violation of his due process rights because the arrest was effectuated without a warrant; (5) that he was wrongfully denied a continuance

---

[3]     Tenn. Code Ann. § 55-8-115.

of his trial due to his illness; and (6) that the trial judge failed to fully and adequately charge the jury with all applicable laws.

We agree with the Defendant's contention that he enjoys a fundamental right to freedom of travel, as recognized by the United States Supreme Court. See Shapiro v. Thompson, 394 U.S. 618 (1969), overruled in part on other grounds by Edelman v. Jordan, 415 U.S. 651, 652 (1974); Dunn v. Blumstein, 405 U.S. 330, 338 (1972); Knowlton v. Board of Law Examiners, 513 S.W.2d 788, 791 (Tenn. 1974).

We also note that the United States Supreme Court has recognized that the rights of individuals must be balanced against the needs of government to regulate conduct in order to protect the health, welfare, and safety of all citizens. The balancing of these interests has been expressed as follows:

> Civil liberties, as guaranteed by the Constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses. The authority of a municipality to impose regulations in order to assure the safety and convenience of the people in the use of public highways has never been regarded as inconsistent with civil liberties but rather as one of the means of safeguarding the good order upon which they ultimately depend. The control of travel on the streets of cities is the most familiar illustration of this recognition of social need. Where a restriction of the use of highways in that relation is designed to promote the public convenience in the interest of all, it cannot be disregarded by the attempted exercise of some civil right which in other circumstances would be entitled to protection. One would not be justified in ignoring the familiar red traffic light because he thought it his religious duty to disobey the municipal command or sought by that means to direct public attention to an announcement of his opinions.

Cox v. New Hampshire, 312 U.S. 569, 574 (1941).

In this case, the Defendant argues that the State of Tennessee has illegally infringed upon his right of mobility by requiring him to have a driver's license before he can legally operate a motor vehicle on the highways of this state. We adopt with approval the reasoning and analysis of Judge David G. Hayes writing for this Court in State v. Booher, 978 S.W.2d 953 (Tenn. Crim. App. 1997), as follows:

> In the present case, the appellant asserts that the State of Tennessee has unduly infringed upon his "right to travel" by requiring licensing and registration of his motor vehicles prior to operation on the public roadways of this state. However, contrary to his assertions, at no time did the State of Tennessee place constraints upon the appellant's exercise of this right. His right to travel within this state or to points beyond its boundaries remains unimpeded. Thus, not only has the appellant's right to freedom of travel not been infringed, but also, we cannot conclude that this right is even implicated in this case. Rather, based upon the context of his argument, the appellant asserts an infringement upon his right to operate a motor vehicle on the public highways of this state. This notion is wholly separate from the right to travel.
>
> The ability to drive a motor vehicle on a public highway is not a fundamental "right." Instead, it is a revocable "privilege" that is granted upon compliance with statutory licensing procedures.
>
> State and local governments possess an inherent power, i.e. police power, to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public. Thus, our legislature, through its police power, may prescribe conditions under which the "privilege" of operating automobiles on public highways may be exercised. Nonetheless, such regulations may not be unreasonable, may not violate federal or state constitutional provisions, as by discriminating between vehicles or owners of the same class; and, in the case of ordinances, may not conflict with state statutes.
>
> The test to determine the validity of statutes enacted through the state's police power is whether or not the ends sought to be attained are appropriate and the regulations prescribed are reasonable. The test of reasonableness requires a balancing effort on private interests and the public good to be achieved. If the public benefits outweigh the interference with private rights, reasonableness is indicated, but if the private injury outweighs the public advantage the measure is unreasonable. In applying this test, it must be remembered that the presumption is in favor of the

reasonableness and validity of the law, so that the person challenging the validity of the regulation has the burden of clearly showing wherein it violates the constitution.

The appellant challenges various provisions of the Tennessee Motor Vehicle Title and Registration Law. Requiring persons to obtain a driver's license and to register their automobiles with the State provides a means of identifying the owner of the automobile if negligently operated to the damage of other persons. Moreover, because it is a means of guaranteeing a minimal level of driver competence, licensing improves safety on our highways and, thus, protects and enhances the well being of the residents and visitors of our state. Thus, our state legislature may properly within the scope of its police power enact reasonable regulations requiring licensing and registration of motor vehicles as it furthers the interests of public safety and welfare.

Within his constitutional challenge, the appellant presents additional arguments relating to whether his automobile is a "motor vehicle" contemplated by the licensing and registration regulations; whether he is exempted from such regulations because of his "use" of his automobile; and whether he is required to obtain a Tennessee driver's license, as he is only a common law resident of Tennessee with a valid Indiana driver's license. The appellant's 1985 Dodge Daytona is a motor vehicle contemplated by the regulations, said vehicle is driven upon the public roads of this state, and, for purposes of the Tennessee Motor Vehicle Title and Registration Law, the appellant is a resident of Tennessee. These issues are without merit.

Booher, 978 S.W.2d at 955-57 (footnote omitted) (citations omitted).

We conclude that the state legislature acted within its constitutional authority by enacting laws requiring a citizen of our state to have a driver's license in order to legally drive an automobile or other motor vehicle upon the public highways of our state. This issue has no merit.

We further conclude that it was entirely appropriate and proper for the indictments to refer to our laws in the manner that the laws are codified in the Tennessee Code Annotated, which is the official compilation of the statutes, codes, and session laws of our state, as authorized by the legislature. We

likewise find no error by the trial court in its charge to the jury concerning these laws. Based on the facts contained in the statement of the evidence, we conclude that the police officer effectuated a lawful warrantless arrest of the Defendant, and we find no violation of the Defendant's due process rights concerning the arrest. We find no error or abuse of discretion by the trial judge in denying the Defendant's request for a continuance and also conclude that if the trial judge did abuse his discretion by denying a continuance, the Defendant has failed to demonstrate any prejudice as a result of not being granted a continuance.

Based on our reading of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE