JOHN GOATS

*v.*

STATE OF TENNESSEE.

364 S. W. 2d 889.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

250

HENRY & HENRY, Pulaski, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, Nashville, WALKER T. TIPTON, Assistant Attorney General for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Goats was convicted of the violation of sec. 59-716, T.C.A., driving an automobile while license was revoked or suspended, and sentenced to serve two (2) days in the

County Jail, along with a fine of $5.00, from which he has appealed.

Goats on April 2, 1962, was convicted of driving while under the influence of an intoxicant in the General Sessions Court of Giles County and was fined $50.00 therefor and prohibited from driving his automobile for fifteen days. Subsequently thereto the Department of Safety of the State, by virtue of sec. 59-712, T.C.A., suspended Goat's driver's license. The exact period of time this suspension was to remain in effect does not appear in the record but apparently it was more than fifteen days. Sometime after the fifteen day prohibition period inflicted by the General Session Court was up Goats was arrested for driving while his license was suspended or revoked. The General Sessions Judge heard this matter and fined Goats $5.00 and sentenced him to two (2) days in jail. He seasonably perfected his appeal to the Circuit Court, where without the intervention of a jury he was again found guilty as set out in the outset of this opinion.

There are three assignments of error, and, when all are boiled down together as they may readily be, they present the question that the Department of Safety has no authority to revoke a driver's license because this is a judicial act and one department of the State cannot encroach upon another.

The assignments are that Chapter 100, Acts of 1955, was an unwarranted and illegal delegation of power of the judiciary to the executive branch. As a matter of fact this Act does nothing more or less than to say that certain duties and rights of the Safety Department, which had been delegated by the Legislature, are not affected

by a subsequent statute which provides penalties for drunk driving, etc.

Second, it is said that this same Act, Chapter 100 of the Acts of 1955, was a usurpation of the powers of the judiciary in that it tells the court how to construe Chapter 202, sec. 5 of the Acts of 1953. These two Acts have now been incorporated in the Supplement to the Code as sec. 59-1035.

In many states including Tennessee the statutory procedure has been established whereby a motorist who has been convicted or adjudged guilty of certain traffic violations, as driving under the influence of an intoxicant, etc., may have his driver's license suspended or revoked for a period of time by a designated State official, in this State the Department of Safety. The reason for such a suspension or revocation is not to punish the driver but is to protect the general public by removing a potential menace from the highways.

These statutes regulating the granting of licenses to drivers of automobiles is governed by sec. 59, Chapter 7, and subsequent sections therein and is placed by the Legislature under the Department of Safety. This Department has the duty, right and privilege to grant licenses to those who drive within this State. Under the statutes which give them the right to grant the licenses, it also gives them the right for the revocation or the suspension of the license. The revocation of the grant to operate a motor vehicle upon the highways deprives the holder of no guaranteed civil right. Of course, the right to grant is a valuable one and yet it is no more or less than a right granted by the State and its use and enjoyment depends always, and it should, upon the compliance by

the holder of said license with conditions prescribed in granting such a license. Among the other conditions contained in the statute, it is said if the operator of a motor vehicle operates it while under the influence of an intoxicant the Department may revoke the license, as well as for a number of other reasons. This grant or revocation is not a penalty or a part of the judgment for doing what the motorist agrees not to do when he is granted this license, but is for the general safety of the people of the State. There are any number of cases and annotations on the questions here involved that might be found by reading 5 Am.Jur., Automobiles, beginning at sec. 157 through sec. 160. There will also be found extensive annotations in American Law Reports Annotated, beginning at 71 A.L.R. 616; 125 A.L.R. 1459; 70 A.L.R.2d 866, and others. Likewise the subject is well covered and supports the position taken here by us in 60 C.JS. Motor Vehicles particularly beginning at sec. 160. In other words, the granting of this license in the first instance to the operator is a privilege which is subject to reasonable regulations in the interest of the public under the police power of the State. When such is true there is no conflict between the executive and judicial power in the Legislature granting to the executive certain rights in granting licenses and the right to revoke or suspend upon conditions being shown to the Department wherein it would appear that the licensee is not a proper or competent operator. This is not a trial or conviction for a criminal act.

As said in the outset the conviction herein was had under sec. 57-716, T.C.A., which provides certain penalties when drivers do drive their automobiles while their license is suspended or revoked. The minimum penalty was

fixed. This is what the court does while the revocation is what the executive department may do.

■  Section 59-1035, T.C.A., which embodies the 1953 Act and the 1955 Act complained of as set forth in the reference to the assignment of errors herein, is a section providing for penalties under secs. 59-1031 through 1036, inclusive, which sections involve accidents, arrests and crimes for intoxication, etc. Conviction under this Code Section with the right of the trial judge to prohibit the person from driving vehicles for certain periods and under certain circumstances is a judicial act and it has no relation whatever to the preceding sections governing the Department of Safety's power to grant, revoke and suspend licenses. Section 59-1035, T.C.A., also goes into penalties for second and third offenses, etc., and embodies in it Chapter 100 of the Acts of 1955, which expressly says that a conviction under the section now being talked about shall in no way affect the powers of the Safety Department for suspension and revocation under the other sections.

We have carefully considered the questions herein and for the reasons heretofore stated the judgment below must be affirmed.