**Sam D. KNOWLTON, II, Petitioner,**

v.

**The BOARD OF LAW EXAMINERS OF the State of TENNESSEE, Respondent.**

Supreme Court of Tennessee.

Aug. 5, 1974.

Sam D. Knowlton, II, for petitioner.

Milton P. Rice, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., for respondent.

## OPINION

DYER, Chief Justice.

This case arises on a petition for certiorari to review a decision by the Board of Law Examiners. The Board refused, inter alia, to waive the two-year residency requirement which must be met before lawyers licensed by the State of Mississippi can gain admission to the Tennessee Bar by comity. Following his adverse decision before the Board, the petitioner filed his petition for certiorari in Jackson, but upon motion it was transferred to Nashville and advanced for hearing during the June Term. The case was submitted on briefs without oral argument.

The record in this case reveals that the petitioner, a native of Memphis, Tennessee, received his Doctor of Jurisprudence degree from the University of Mississippi School of Law in 1965. Since that time, he has earned his LL.M. from New York University School of Law, worked for the

Office of Economic Opportunity in the Legal Services Program in Washington, D.C., and served two years as an assistant professor at Florida State University College of Law. For five of the intervening years the petitioner either practiced or taught law in Mississippi, working for a Jackson, Mississippi law firm, and serving as associate professor at his alma mater.

Petitioner has now accepted a job on the Staff of the District Attorney General of Shelby County, Tennessee, as an Assistant District Attorney General, and has already moved to this State. He has purchased a home in Memphis, enrolled his son in a Memphis school, and released a residential lot in Mississippi. He now seeks admission to the Bar of Tennessee by virtue of the comity arrangement between Mississippi and Tennessee, thus avoiding the Bar Examination. This avenue of admission requires an applicant to have practiced law for five years in the comity state (Mississippi), and in the case of applicants from Mississippi, to have been a resident of Tennessee for two years. Petitioner has met the first of these requirements, but not the second. The controlling rule is Rule 37 of the Rules of the Supreme Court of Tennessee, in which Section 8.01 provides:

Comity is admission without examination of an applicant, upon a license from another state, upon conditions no less favorable than those imposed by the applicant's licensing state for admission of lawyers licensed in Tennessee, and after the applicant has actively engaged in the practice of law for no less than five (5) years.

Thus, petitioner's admission by comity to the Tennessee Bar can be under conditions no less favorable than those set forth in Section 73–3–25, Mississippi Code Annotated:

Any lawyer from another state whose requirements for admission to the bar are equivalent to those of this state, who has practiced not less than five years, and who has resided in this state for not less than two years immediately before being admitted to practice in this state, may be admitted to the practice in this state without examination as to the knowledge of law upon complying with the other requirements as set out in governing admission to the bar. Provided, however, the laws of the state from which the applicant comes grant similar privileges to applicants from this state.

Petitioner's initial application for admission under Rule 37 (§ 8.01), was denied on April 8, 1974, in a letter from the Executive Secretary to the Board of Law Examiners. The reason stated was petitioner's failure to meet the two year residency requirement. The petitioner then sought a hearing before the Board in accordance with Rule 37(16), asking that the Board waive the residency requirement. In the alternative, he also sought waiver of the requirement of an investigative report by the National Conference of Bar Examiners, and of the two-month residency requirement which applies to all applicants for general admission to the Tennessee Bar. Rule 37(16). In a written decision, the Board held against the petitioner on all grounds on May 13, 1974. His appeal to this Court followed.

The issue is whether the Board's failure to waive the two-year residency requirement violates the petitioner's right to Equal Protection under the Fourteenth Amendment.

■■■ The Supreme Court of the United States has applied two basic tests in determining violations of equal protection. The "rational connection" test is the traditional approach, but the one most appropriate in this case is the "compelling state interest" test. Under this test, any classification which penalizes the exercise of a fundamental constitutional right is unconstitutional unless the State can show that the classification promotes some compelling governmental interest. E. g., Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). The right to travel

freely among the states is a fundamental, constitutionally-protected right. Dunn v. Blumstein, *supra*. When a classification treads upon this right to travel, the Supreme Court has uniformly applied the compelling interest test. Dunn v. Blumstein, *supra*; Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

█ Petitioner's contention is that the two-year residency requirement applies to him only because he is a new resident, and thus his freedom to move from Mississippi to Tennessee is unconstitutionally penalized. A careful look at this argument shows it to be without merit, however, because the petitioner's right to travel is not restricted. Tennessee allows anyone to apply for general admission to its bar by following certain minimum requirements, including the taking of a bar examination. Rule 37(3), (5), (6). This Court has gone one step further, as a matter of courtesy to sister states, to allow the admission of attorneys licensed in those states who have practiced for at least five years, on a reciprocal basis. The concept of comity is merely an additional means for admission to the Tennessee bar for those who choose that approach and who qualify for it. In the instant case, the petitioner's right to apply for admission to our Bar by taking the requisite examination is untrammelled and he is thus unrestricted in his move to this State, assuming he passes the examination.

Furthermore, it is notable that the concept of comity is designed not to restrict the movement of attorneys but to enhance it by giving them an additional means of obtaining a license to practice, and by waiving the requirement of taking the bar examination. Thus, one who finds the comity agreement between the two states unacceptable to his particular circumstances is free to be licensed by meeting the general requirements of Rule 37.

In its landmark case on the "right to travel," Shapiro v. Thompson, *supra*, the Supreme Court held unconstitutional a one-year residency requirement before new arrivals could qualify for welfare benefits. But the Court specifically noted:

> We imply no view of the validity of waiting-period or residence requirements . . . to obtain a license to practice a profession . . . . Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the constitutional right of interstate travel. Shapiro v. Thompson, 394 U.S. at 638, n. 21, 89 S.Ct. at 1333.

In Dunn v. Blumstein, *supra,* the Court struck down Tennessee's one year residency requirement for voting privileges. In each of these important cases, *Shapiro* and *Dunn,* the benefits sought by the new residents—welfare payments and voting rights—were absolutely denied until a twelve month waiting period had expired. Those cases are thus distinguishable from this one, because here there is no absolute denial of the right to practice law in Tennessee. Some recent lower federal court decisions have extended the compelling interest test to residency periods which must be met before an applicant can take the bar examination. But, again in these cases, the benefit sought by the plaintiffs was absolutely denied to them until the durational residency requirement was met, and no alternative and more immediate means of licensing was available to them as it is in Tennessee. See, e. g., Keenan v. Board of Law Examiners of North Carolina, 317 F.Supp. 1350 (E.D.N.C.1970).

█ Under the more traditional equal protection test, the State need only show some "rational connection" between the classification and a legitimate state purpose. Under this test, unlike the "compelling interest" test, the classification made by the State carries a strong presumption of validity. The Supreme Court has ruled that the classification can be overturned only when "no grounds can be conceived to justify them." McDonald v. Board of

Election Commissioners, 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969).

Petitioner's main concern under this argument is that under the reciprocity agreements with its sister states, Tennessee may require far shorter residency periods for attorneys from other states. For example, since Arkansas admits Tennessee lawyers after a two month residence, Arkansas lawyers moving to Tennessee need only reside here two months to qualify for admission. Petitioner then argues that in bar admission cases, the qualification under consideration must bear a reasonable relationship to the applicant's fitness or capacity to practice law. Thus, the residence requirement is unconstitutional because it bears no rational connection with petitioner's ability to practice law.

■ Again, however, petitioner's contention lacks merit due to an important distinction. In the *Schware* [353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796] case, the Supreme Court ruled that "A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene . . . [the] Equal Protection Clause of the Fourteenth Amendment." Schware v. Board of Law Examiners, 77 S.Ct. at 756. Thus, the requirement that classifications be measured against the applicant's fitness or capacity to practice law is valid only when to uphold the classification would exclude the applicant from practicing law. The rule was thus appropriately followed in the case of Keenan v. Board of Law Examiners of North Carolina, *supra,* in which a one year residence before the applicant could even take the bar examination was said to have

no relationship to his ability to practice law, and was thus unconstitutional because it absolutely excluded the applicant from eligibility to practice during the period of residence.

■ As pointed out above, the matter of exclusion from admission is not involved in petitioner's case. He can take the bar examination and gain admission like all other residents of Tennessee. Instead, he chooses to seek admission by comity, which is merely an additional method of admission, not a required method which places any onerous burden upon the petitioner. Comity, by its very nature, will discriminate in varying degrees against attorneys seeking admission from other states, but Tennessee and other states can constitutionally draw discriminatory lines as long as the resulting classifications are rationally connected with the purpose of the classifications. Here, Tennessee has a valid purpose in making comity agreements with its sister states in order to preserve for its own lawyers the freedom to move to other states to practice law without taking the bar examination.

■ A decision adverse to the petitioner pretermits the remaining contentions dealing with waiver of the two month residence requirement and the National Bar Examiners' report.

The Board of Law Examiners properly decided that petitioner's right to Equal Protection was not violated.

CHATTIN, McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.