IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY SESSION, 1997

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                           )    No. 01C01-9604-CC-00131
        Appellee           )
                           )    HUMPHREYS COUNTY
vs.                        )
                           )    Hon. ROBERT E. BURCH, Judge
ROBERT K. BOOHER,          )
                           )    (Driving without a license;
        Appellant          )    Driving without vehicle registration)

For the Appellant:

ROBERT KENNETH BOOHER
*Pro Se*
104 Capps Hill
Waverly, TN 37185

For the Appellee:

CHARLES W. BURSON
Attorney General and Reporter

MICHAEL J. FAHEY II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

DAN MITCHUM ALSOBROOKS
District Attorney General

GEORGE C. SEXTON
Asst. District Attorney General
Room 206
Humphreys Co. Courthouse
Waverly, TN 37185

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Robert K. Booher, appeals, as of right, his class C misdemeanor convictions in the Circuit Court of Humphreys County for driving without a license and driving without vehicle registration.[1] [2]   The appellant raises a multitude of issues on appeal, which may be categorized into three main areas.  In this *pro se* appeal, he challenges:

> I.  The authority of the State to regulate the licensing of motorists and the registration of vehicles;
>
> II.  The Circuit Court of Humphreys County's jurisdiction to try him for the indicted misdemeanor charges; and
>
> III.  The State's "denial of due process of law."

After a review of the issues before us and the applicable law, we conclude that the appellant's issues are without merit.  The judgment of the trial court is affirmed.

**I.  Background**

On June 30, 1995, the appellant voluntarily surrendered "to the Registrar of Motor Vehicles, by registered mail, all original registration papers, all certificates of title, all current or last renewal registration papers, and all current license plates for his three automobiles and two pickup trucks."  Subsequent to this surrender, the appellant asserts that he traveled as a "free man" for about three and a half weeks.

On July 25, 1995,  Morris Rion, an officer with the Waverly Police Department, observed the appellant, on Main Street, operating his 1985 Dodge

---

[1] The offenses constitute violations of Tenn. Code Ann. § 55-3-102 and 55-50-301.

[2] The appellant disputes this court's jurisdiction over his appeal, arguing  that his appeal should lie directly to our supreme court.  We reject this argument.  See Tenn. Code Ann. § 16-3-201(d)(2)(C) (1994) and Tenn. Code Ann. § 16-5-108(a)(1) (1994).

Daytona automobile, displaying a poster upon which was written "R.K. Booher, Tennessee Citizen, Owner, Humphreys County Resident." The automobile, however, did not display a valid Tennessee license plate. Upon stopping the vehicle, Officer Rion requested that the appellant produce his driver's license. Without responding to Rion's request and refusing to identify himself, the appellant produced a "notice to arresting officer with Miranda Warning," and began "filling it out." The officer then proceeded to run a driver's license check which revealed that the appellant did not possess a Tennessee driver's license. The officer then advised the appellant that he was issuing two citations which would require the appellant's signatures. The appellant refused to sign the citations. The appellant was then transported to the Waverly Police Department where arrest warrants were issued and served upon him.

At his bench trial, the appellant, appearing *pro se*, denied that he was in violation of any law, arguing instead, that he was only exercising his right as an "unenfranchised citizen of Tennessee" to use his private property on the public highway over which every citizen has a right to pass. Moreover, the appellant argued that a vehicle only becomes a "motor vehicle" when it is registered and, because his 1985 Dodge was not registered, he could not be guilty of either misdemeanor offense. Finally, the appellant argued that, because he was not engaged in commerce, his vehicle was not required to be registered. The appellant also explained that he did not have a Tennessee driver's license because Tennessee requires that the registrant's social security number be placed on the license.[3]

The trial court found the appellant guilty of both offenses and imposed a

---

[3]In State v. Loudon, 857 S.W.2d 878, 882 (Tenn. Crim. App. 1993), a panel of this court held that "[t]here is a compelling state interest which justifies the statutory requirement that the driver's social security number appear on the face of the license issued by the Department of Safety. . . . The social security number serves to distinguish a person from others with the same or similar names. . . ."

probated sentence of thirty days for each offense with credit for jail time served. Additionally, the appellant was fined $25.00 for each offense.

## II. Driver's License and Vehicle Registration

The appellant's appeal is based upon the premise that it is unconstitutional for the State of Tennessee to require him to procure a driver's license and vehicle registration before operating a motor vehicle on the public highways of this state. He argues that he has a constitutional right to freedom of travel and to use his private property without governmental interference.

We agree with the appellant that he enjoys a fundamental right to freedom of travel. See Dunn v. Blumstein, 405 U.S. 330, 338, 92 S.Ct. 995, 1001 (1972); Knowlton v. Board of Law Examiners of Tennessee, 513 S.W.2d 788, 791 (Tenn. 1974). Travel, in the constitutional sense, however, means more than locomotion; it means migration with the intent to settle and abide. Id. Thus, any American is free to travel from state to state, and to change his state of residence or employment whenever he desires, unrestricted by unreasonable government interference or regulation. See 16A C.J.S. *Constitutional Law* §478 (1969). Whether a specific type of travel is protected by one's constitutional right to travel depends upon the intent which motivates the movement. Id.

In the present case, the appellant asserts that the State of Tennessee has unduly infringed upon his "right to travel" by requiring licensing and registration of his motor vehicles prior to operation on the public roadways of this state. However, contrary to his assertions, at no time did the State of Tennessee place constraints upon the appellant's exercise of this right. His right to travel within this state or to points beyond its boundaries remains unimpeded. Thus, not only

4

has the appellant's right to freedom of travel not been infringed, but also, we cannot conclude that this right is even implicated in this case. Rather, based upon the context of his argument, the appellant asserts an infringement upon his right to operate a motor vehicle on the public highways of this state. This notion is wholly separate from the right to travel.

The ability to drive a motor vehicle on a public highway is not a fundamental "right." See Goats v. State, 364 S.W.2d 889, 891 (Tenn.1963) (emphasis added); Sullins v. Butler, 135 S.W.2d 930, 932 (Tenn. 1940) (citations omitted). Instead, it is a revocable "privilege" that is granted upon compliance with statutory licensing procedures. See Reitz v. Mealey, 314 U.S. 33, 36, 62 S.Ct. 24, 26-27 (1941), overruled in part by, Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704 (1971); Goats, 364 S.W.2d at 891; Sullins, 135 S.W.2d at 932.

State and local governments possess an inherent power, i.e. police power, to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public.[4] See Nashville, C & St. L. Ry. v. Walters, 294 U.S. 405, 55 S.Ct. 486 (1935); Erstin v. Moss, 430 S.W.2d 345, 348 (Tenn. 1968), appeal dismissed, 393 U.S. 318, 89 S.Ct. 554 (1969); State v. Sowder, 826 S.W.2d 924, 927 (Tenn. Crim. App. 1991), appeal dismissed, (Tenn. 1992), cert. denied, 510 U.S. 883, 114 S.Ct. 229 (1993). Thus, our legislature, through its police power, may prescribe conditions under which the "privilege" of operating automobiles on public highways may be exercised. Sullins, 135 S.W.2d at 932. See also Goats, 364 S.W.2d at 891. Nonetheless, such regulations may not be unreasonable, may not violate federal or state constitutional provisions, as by discriminating between vehicles or owners of the same class; and, in the case of ordinances, may not conflict with state statutes. See 60 C.J.S. *Motor Vehicles* §

_____

[4]The "police power" of the state is founded in the constitution, being based upon the duty of the state to protect its citizens and provide for the safety and good order of society. See 16A C.J.S. *Constitutional Law* § 433.

62.

The test to determine the validity of statutes enacted through the state's police power is whether or not the ends sought to be attained are appropriate and the regulations prescribed are reasonable.  United States v. O'Brien,  391 U.S. 367, 382, 88 S.Ct. 1673, 1682 (1968).  The test of reasonableness requires a balancing effort on private interests and the public good to be achieved.  If the public benefits outweigh the interference with private rights, reasonableness is indicated, but if the private injury outweighs the public advantage the measure is unreasonable.  Id.  In applying this test, it must be remembered that the presumption is in favor of the reasonableness and validity of the law, so that the person challenging the validity of the regulation has the burden of clearly showing wherein it violates the constitution.  Id.; see also  Darnell v. Shapard, 3 S.W.2d 661, 663 (Tenn. 1928).

The appellant challenges various provisions of the Tennessee Motor Vehicle Title and Registration Law.  Requiring persons to obtain a driver's license and to register their automobiles with the State provides a means of identifying the owner of the automobile if negligently operated to the damage of other persons.  See  State v. Bates, 30 S.W.2d 248, 249 (Tenn. 1930);  Erosion Control Corp. v. Evans, 426 S.W.2d 202, 206 (Tenn. App. 1967). Moreover, because it is a means of guaranteeing a minimal level of driver competence, licensing improves safety on our highways and, thus, protects and enhances the well being of the residents and visitors of our state.  Thus, our state legislature may properly within the scope of its police power enact reasonable regulations requiring licensing and registration of motor vehicles as it furthers the interests of public safety and welfare.

Within his constitutional challenge, the appellant presents additional arguments relating to whether his automobile is a "motor vehicle" contemplated by the licensing and registration regulations; whether he is exempted from such regulations because of his "use" of his automobile; and whether he is required to obtain a Tennessee driver's license, as he is only a common law resident of Tennessee with a valid Indiana driver's license. The appellant's 1985 Dodge Daytona is a motor vehicle contemplated by the regulations, Tenn. Code Ann. § 55-1-103(d); said vehicle is driven upon the public roads of this state, Tenn. Code Ann. § 55-3-101; and, for purposes of the Tennessee Motor Vehicle Title and Registration Law, the appellant is a resident of Tennessee, Tenn. Code Ann. § 55-50-304. These issues are without merit.

### III. Jurisdiction of the Trial Court

Next, he contends that the Humphreys County Circuit Court was without jurisdiction to try him on the indicted charges. He argues that the trial court lacked both *in personam* and subject matter jurisdiction. In support of his argument concerning *in personam* jurisdiction, he avers:

> That I, Private Citizen Robert K. Booher, am of lawful age and competent (sui juris); and was born on January 25, 1930 a Free judicial Power Citizen of Indiana, and thereby in one of the fifty united [sic] States of America, and have lived in Tennessee since 1989 thus making me a common law judicial Citizen of Tennessee protected by the Constitution of Tennessee (1870), in fact, by right of blood and heritage, (jui sanguinis) descending from my direct Family who all have been continuously in this country since 1746, I am also protected by the Constitution of Indiana (1851), the Constitution for the United States of America (1789) including its Preamble and the Bill of Rights (1791), the Northwest Ordinance (1787), the Articles of Confederation (1777), and therefore retain the unalienable rights granted by God, as found and secured by the posititve law embodied in the Declaration of Independence (1776), therefore securing and binding these rights upon myself and my posterity, this day and for all time; and further. . .

The appellant argues that his rights are those that "existed by the law of the land

long antecedent to the organization of the State", and that, as a "judicial power citizen," he is governed only by "God and the common law of the Constitution which is the law of the land." Thus, the appellant asserts that he has never voluntarily consented to or "grant[ed] any State agency the authority to try him for an alleged criminal act or omission under any jurisdiction other than a judicial power jurisdiction and proceeding."

We reject the appellant's argument that he is exempt from the laws of this state because he has never consented to nor granted the State the authority to try him for criminal acts or omissions. Consent to laws is not a prerequisite to their enforceability against individuals. See City of Salina v. Wisden, 737 P.2d 981, 983 (Utah 1987). No person in the State of Tennessee may exempt himself or herself from any law simply by declaring that he or she does not consent to it applying to them. See State v. Skurdal, 767 P.2d 304, 308 (Mont. 1988). To do so would result in sheer anarchy. We must all abide by the valid laws, even the ones with which we do not agree, or justice will be served against us for the violation. Id. The appellant's presence at his trial in Humphreys County is sufficient to establish jurisdiction over his person. See Johns v. Bowlen, 942 S.W.2d 544, 547 (Tenn. Crim. App. 1996).

The appellant was charged with driving without a license and driving an unregistered vehicle, both class C misdemeanors. "The circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless expressly provided by statute or this Code." Tenn. Code Ann. § 16-10-102 (1994). See also Tenn. Code Ann. §40-1-107 (1993 Supp.); Tenn. Code Ann. § 40-1-108 (1990). This issue is without merit.

### IV. Alleged Due Process Violations

8

Finally, the appellant presents a myriad of disordered issues which he characterizes as due process violations. First, the appellant argues that "Officer Rion lacked probable cause under which to initially detain him." The appellant's argument is misplaced; probable cause has no application to the present case. An officer may, without a warrant, arrest an offender for a public offense committed in the officer's presence. See Tenn. Code Ann. §40-7-103 (a)(1) (1995 Supp.). It is undisputed that the appellant committed an offense in the officer's presence. Thus, the officer's initial stop of the appellant was proper. This issue is without merit.

Next, the appellant challenges the sufficiency of the "affidavits of complaint" and the sufficiency of the indictments in the present case. The affidavits in the present case comply with Rule 3, Tenn. R. Crim. P. Moreover, the indictments satisfy the requirements set forth in Tenn. Code Ann. § 40-13-201 et seq. (1990). Finally, the appellant argues that his bail was excessive, that his automobile was wrongfully impounded, that he was not provided an initial appearance "promptly after arrest," that the Grand Jury was prevented from viewing documents filed on his behalf, and that the trial judge committed various infractions violating the appellant's due process rights. As the appellant has failed to prepare an adequate record from which this court can complete a meaningful review, we are precluded from considering such issues. Tenn. R. App. P. 24. Furthermore, the proof in the record before us establishes these contentions are without merit.

## VII. Conclusion

The appellant has failed to show that the statutes requiring licensing and registration for motor vehicles are unreasonable. Such regulations are both

reasonable and beneficial exercises of the state's police power, working the greatest good to the greatest number.  See, e.g., Goats, 364 S.W.2d at 891; Bates, 30 S.W.2d at 249.  No constitutional right of the appellant was violated. The judgment of the trial court is affirmed.


_____

DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
CURWOOD WITT, Judge