# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON
## June 2, 2010 Session

## STATE OF TENNESSEE v. PAUL WILLIAMS

**Appeal from the Circuit Court for Carroll County**
**No. 09CR162      Creed McGinley, Judge**

**No. W2009-02179-CCA-R3-CD  - Filed June 23, 2010**

The Defendant, Paul Williams, appeals from judgments entered on a jury verdict finding him guilty of driving on a suspended license, violation of the passenger vehicle safety belt law, and violation of the motor vehicle registration law.  In this appeal, the Defendant argues that the trial court was without jurisdiction to convict him, that his convictions violate his constitutional right to travel, and that the evidence presented was insufficient to support his convictions.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Paul Williams, Pro Se.[1]

Robert E. Cooper, Jr., Attorney General And Reporter; Clarence E. Lutz, Assistant Attorney General; Hansel J. McAdams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] We acknowledge that in his brief, the Defendant also references an appearance on the Defendant's behalf by "Paul: Williams-El, Attorney in Fact."

## OPINION
## Procedural Background

The record before this Court consists of only the technical record. The technical record includes numerous documents attached as exhibits to pleadings filed by the Defendant. The judgments contained in the technical record reflect that the Defendant was found guilty by a jury of driving on a suspended driver's license,[2] violation of the passenger vehicle safety belt law[3] and violation of the motor vehicle registration law.[4]

Although the Defendant's brief is inartfully drafted, we discern that his principle arguments are as follows: (1) the trial court had neither subject matter jurisdiction nor jurisdiction over his person; (2) the judgments entered against him violated his constitutional right to travel; and (3) the evidence presented against him was insufficient to support a finding that he is the same individual as the "Paul Williams" whose driver's license was suspended.

We first note that the record on appeal contains neither a transcript of the proceedings at the Defendant's trial nor a statement of the evidence approved by the trial court. See Tenn. R. App. P. 24(b), (c). We glean from documents contained in the technical record that on May 26, 2009, the Defendant was stopped by an officer of the Tennessee Highway Patrol and issued a citation for not wearing his seatbelt. The Defendant could not produce a driver's license, and he was subsequently charged with driving on a suspended license and operation of a motor vehicle in violation of the vehicle registration law. As we have noted, judgments of conviction were entered following a jury trial on these charges.

## Analysis of Issues

The basis for the Defendant's argument that the trial court lacked jurisdiction to convict him is unclear to this Court. We simply note that the circuit courts of Tennessee have jurisdiction over all crimes and misdemeanors. See Tenn. Code Ann. § 16-10-102. See also State v. Keller, 813 S.W.2d 146, 147-48 (Tenn. Crim. App. 1991). The circuit courts necessarily have jurisdiction over the individuals charged with crimes by indictments returned by grand juries in the respective counties. See Keller, 813 S.W.2d at 149. See also State v. Booher, 978 S.W.2d 953, 957 (Tenn. Crim. App. 1997).

---

[2] See Tenn. Code Ann. § 55-50-504.

[3] See Tenn. Code Ann. § 55-9-603(a)(1).

[4] See Tenn. Code Ann. § 55-3-102(a)(1).

This Court agrees with the Defendant's assertion that he enjoys a fundamental right to freedom of travel. See Booher, 978 S.W.2d at 955. However, the Defendant's right to travel has not been infringed upon by the requirement by our legislature that an individual have a valid driver's license to lawfully operate a motor vehicle on the public highways of this state. See Booher, 978 S.W.2d at 955-56. The same holds true for the requirement that motor vehicles be registered under the motor vehicle registration law. See id. at 956.

Finally, the Defendant appears to argue that the evidence presented at his trial was insufficient to support his conviction for driving on a suspended license because the evidence did not establish that the Defendant is the same person as the "Paul Williams" whose driver's license had been previously suspended. The record on appeal does not contain a transcript or a statement setting forth the evidence which was presented at the Defendant's trial. It is the Defendant's obligation to have prepared an adequate record in order to allow meaningful review of the issues presented on appeal. Because the relevant material is not contained in the record, this Court cannot consider the merits of the issue. See State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Therefore, this issue is waived.

## Conclusion

Based upon our review of the record before us, we conclude that the Defendant is not entitled to relief. The judgments of the Circuit Court of Carroll County are accordingly affirmed.

_____
DAVID H. WELLES, JUDGE