# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 14, 2012 Session

## STATE OF TENNESSEE v. ANTHONY TROY WILLIAMS

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2662    Mark J. Fishburn, Judge**

---

**No.  M2012-00242-CCA-R3-CD - Filed October 3, 2012**

---

Appellant, Anthony Troy Williams,[1] was indicted by the Davidson County Grand Jury for driving on a canceled, suspended or revoked license, second offense.  Appellant was convicted by a jury and sentenced to six months in jail and a fine of $2,500.  On appeal, Appellant, pro se, challenges the constitutionality of the State's requirement that he have a license to drive in Tennessee.  After a review of the record, we determine that Appellant was properly convicted of driving on a canceled, suspended, or revoked license.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Anthony Troy Williams, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Throughout the events leading up to this appeal, Appellant referred to himself as the "Attorney in Fact" for the "legal fiction" of "Anthony Troy Williams."  The record even includes an exhibit purporting to copyright the name "Anthony Troy Williams" and several variations of the name.  Appellant is apparently part of the sovereign citizen movement.  For the sake of clarity, we will not distinguish between the attorney in fact and the legal fiction, referring to both as Appellant.

# OPINION

## I. FACTS

Metropolitan Nashville Police Officer James Smallwood was on patrol on February 2, 2011, when he observed a Ford Explorer run a red light without coming to a complete stop. Officer Smallwood initiated a traffic stop. Appellant was the driver of the vehicle. At the stop, Appellant provided a "Tennessee ID only card" to Officer Smallwood. When Appellant pulled the card out of his wallet, Officer Smallwood noticed a Georgia driver's license. Officer Smallwood ran both the license and the identification card through his computer database. The Georgia license was suspended. Appellant was taken into custody and charged with driving on a suspended license. The record also reveals that Appellant had a previous conviction for driving on a suspended license in Davidson County.

At the conclusion of the jury trial, Appellant was found guilty of driving on a suspended license. The trial court sentenced Appellant to six months and ordered Appellant to serve 100% of the sentence. A $2,500 fine was assessed by the jury.

Appellant filed a timely notice of appeal.

### *Analysis*

On appeal, Appellant does not contest the fact that he was driving on Tennessee roads and/or highways on a suspended license. He insists that he has never had a driver's license in the State of Tennessee, so it was impossible for him to be convicted of driving on a suspended license. He argues he is "not required to have a drivers license if [he is] not traveling in commerce and no state can impose regulations that restrict the freedom of travel on the highways and roadways." To support his argument, Appellant cites *Shapiro v. Thompson*, 394 U.S. 618 (1969) (overruled in part by *Edelman v. Jordan*, 415 U.S. 651 (1974)). Lastly, Appellant contends that he was denied due process when the trial court failed to allow him to submit jury instructions at trial. The State disagrees, arguing that the trial court had jurisdiction over the offense and Appellant's argument has been addressed and dismissed by this Court previously.

At the outset, we note that the circuit courts of Tennessee have jurisdiction over all crimes and misdemeanors. *See* T.C.A. § 16-10-102; *see also State v. Keller*, 813 S.W.2d 146, 147-48 (Tenn. Crim. App. 1991). The circuit courts necessarily have jurisdiction over the individuals charged with crimes by indictments returned by grand juries in the respective

counties. *See Keller*, 813 S.W.2d at 149; *see also State v. Booher*, 978 S.W.2d 953, 957 (Tenn. Crim. App. 1997).

This Court agrees with Appellant's contention that he enjoys a fundamental right to freedom of travel. *See Booher*, 978 S.W.2d at 955. However, Appellant's right to travel has not been infringed upon by the requirement by our legislature that an individual have a valid driver's license to lawfully operate a motor vehicle on the public highways of this state. *Id.* at 955-56. The same holds true for the requirement that motor vehicles be registered under the motor vehicle registration law. *See id.* at 956. Arguments identical to Appellant's have been addressed and dismissed by this Court several times. *See, e.g., State v. Paul Williams*, No. W2009-02179-CCA-R3-CD, 2010 WL 2539699, at *1-2 (Tenn. Crim. App., at Jackson, June 23, 2010), *perm. app. denied*, (Tenn. Nov. 12, 2010); *State v. David A. Ferrell*, No. M2007-01306-CCA-R3-CD, 2009 WL 2425963, at *3 (Tenn. Crim. App., at Nashville, Aug. 7, 2009), *perm. app. denied*, (Tenn. Feb. 8, 2010); *State v. Bobby Gene Goodson*, No. E2001-00925-CCA-R3-CD, 2002 WL 1751191, at *3-4 (Tenn. Crim. App, at Knoxville, July 29, 2002), *perm. app. denied*, (Tenn. Dec. 23, 2002). Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE