# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 11, 2012

## STATE OF TENNESSEE v. JOHN S. CRANDALL

### Appeal from the Circuit Court for Wayne County
### No. 15074    Robert L. Holloway, Jr., Judge

### No. M2012-00299-CCA-R3-CD - Filed October 26, 2012

The *pro se* defendant, John S. Crandall, was convicted in a Wayne County bench trial of failure to have a valid driver's license, failure to wear a safety belt, failure to stop at a stop sign, violation of the financial responsibility law, and driving with an expired registration. On appeal, he challenges the constitutionality of the Tennessee statutes requiring him to wear a safety belt, purchase automobile insurance, and obtain a Tennessee driver's license when his driver's license from his former state of residence was not expired. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

John S. Crandall, Hohenwald, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; T. Michel Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On August 8, 2011, the Wayne County Grand Jury indicted the defendant for the following offenses, all of which occurred on May 17, 2011, on Highway 99 in Wayne County: (1) failure to have a valid driver's license in his possession by not having the correct home address on his license as required by Tennessee Code Annotated section 55-50-304; (2) driving a motor vehicle on the public highways while not being restrained by a safety belt

as required by Tennessee Code Annotated section 55-9-603; (3) failure to obey a traffic control device by not stopping at a stop sign, in violation of Tennessee Code Annotated section 55-8-109; (4) driving a motor vehicle on the public highways with an expired registration, in violation of Tennessee Code Annotated section 55-4-104; and (5) failure to provide evidence of financial responsibility, in violation of Tennessee Code Annotated section 55-12-139.

The defendant was convicted of the indicted offenses in an October 25, 2011 bench trial, with a $20 fine assessed for the driver's license violation, a $10 fine for the seatbelt law violation, a $15 fine for the stop sign violation, a $10 fine for the financial responsibility law violation, and a $0 fine for the registration law violation, with the special condition noted: "Upon presentation of valid registration." The trial court also noted in the special conditions sections of the defendant's judgments for his violations of the driver's license and insurance laws that the fines and costs for those offenses would be waived if the defendant presented proof of a valid license and valid insurance within thirty days.

## ANALYSIS

On appeal, the defendant challenges the constitutionality of the statutes that require him to update his driver's license, to wear a safety belt, and to purchase and carry proof of liability insurance. Specifically, he argues that the seatbelt law violates, among other things, his right to liberty, property, and "to ha[zard] the safety of his own person on his own business as he sees fit." He argues that the insurance law violates his rights to life, liberty, property, and "hazard" because it forces him to purchase a product and to enter into an unwanted contract. He argues that the driver's license law violates his right to property because it forces him to purchase a redundant driver's license for the sole purpose of generating revenue for the State of Tennessee. The defendant asserts that his alleged crimes are essentially victimless and that his individual rights trump any possible damage to the State caused by his failure to comply with the regulations.

The defendant further asserts that the Wayne County court clerks, trial judges, and law enforcement officials treated him rudely and obstructed his right to justice. He, therefore, requests that this court award him $1,000,000 in damages from the State "as compensation for pain and suffering, harassment, and Injustice done upon him and his Rights." The State responds by arguing that the challenged statutes are valid and reasonable exercises of the State's power to enact regulations that further the interests of public safety and welfare. We agree with the State.

It is well-established that our Legislature possesses the power to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public, which

includes "prescrib[ing] conditions under which the 'privilege' of operating automobiles on public highways may be exercised." State v. Booher, 978 S.W.2d 953, 956 (Tenn. Crim. App. 1997) (citations omitted). In Booher, this court concluded that the driver's licensing and vehicle registration portions of the Tennessee Motor Vehicle Title and Registration Law are reasonable regulations that further the interests of public safety and welfare:

> Requiring persons to obtain a driver's license and to register their automobiles with the State provides a means of identifying the owner of the automobile if negligently operated to the damage of other persons. Moreover, because it is a means of guaranteeing a minimal level of driver competence, licensing improves safety on our highways and, thus, protects and enhances the well being of the residents and visitors of our state. Thus, our state legislature may properly within the scope of its police power enact reasonable regulations requiring licensing and registration of motor vehicles as it furthers the interests of public safety and welfare.

Id. (citations omitted).

Regulations requiring a driver to obtain an updated driver's license with current address, to wear a safety belt, and to carry liability insurance when operating a motor vehicle on a public road are, likewise, reasonable exercises of the State's police power to enact legislation for the safety and welfare of its citizens. Despite the defendant's belief that his actions affect no one other than himself, operating a motor vehicle on a public highway necessarily subjects not only the defendant, but also other citizens and visitors to the state to potential property and personal injury damages. We, therefore, conclude that the defendant is not entitled to relief on his claims.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE