IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 6, 2015 Session

## STATE OF TENNESSEE v. PAUL WILLIAMS, a/k/a PAUL WILLIAMS EL

Appeal from the Circuit Court for Carroll County
No. 13CR158     C. Creed McGinley, Judge

No. W2014-00231-CCA-R3-CD  -  Filed April 7, 2015

The defendant, Paul Williams, a/k/a Paul Williams El, was convicted by a Carroll County jury of driving with a cancelled, suspended, or revoked license with a prior offense, a Class A misdemeanor, and failure to show registration, a Class C misdemeanor.  He was sentenced by the trial court to eleven months, twenty-nine days for the driving conviction and thirty days for the registration conviction.  In this pro se appeal, the defendant appears to challenge the sufficiency of the convicting evidence and the trial court's jurisdiction over his person.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Paul Williams, a/k/a Paul Williams El, Huntingdon, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

On May 13, 2013, a Tennessee Highway Patrol officer pulled the defendant over for driving a vehicle that did not have a valid license plate.  The defendant's wife and three unbuckled young children were passengers in the vehicle.  The defendant gave his

name to the trooper but was unable to provide a valid driver's license, registration, or proof of insurance. After running the defendant's name through his computer database, the trooper learned that the defendant's driver's license was suspended. The defendant refused to sign the citations prepared by the trooper and was consequently arrested and taken to jail. He was subsequently indicted by the Carroll County Grand Jury with driving on a cancelled, suspended, or revoked license with prior convictions for driving with his license suspended, failure to show registration, failure to show proof of insurance, and failure to properly use child restraints. The insurance and child restraint counts of the indictment were later nolle prosequied, however.

The defendant opted to represent himself at trial. The State's only witness was Trooper Mark Jackson of the Tennessee Highway Patrol, who testified that on May 13, 2013, he was approaching the intersection of Highway 22 and the north side of the bypass in Huntingdon when he saw a gray Buick in front of him that did not have a typical registration plate. Instead, he saw some numbers on the plate, unfamiliar language, and the words "Sovereign Citizen." After running the tag number through his computer and receiving the information that the tag was "not on file," he pulled the vehicle over.

Trooper Jackson testified that he approached the driver of the Buick, advised him why he had pulled him over, and asked for his driver's license, vehicle registration, and proof of insurance. The driver, whom he later identified as the defendant, said his name was "Paul Williams El," handed him some unintelligible paperwork, and told him that he did not need a driver's license. Trooper Jackson testified that a woman, later identified as the defendant's wife, was in the backseat with three very young children, none of whom were wearing seatbelts. He said he returned to his patrol vehicle and called a fellow officer, Trooper Steele, who told him that he was familiar with the defendant. At his request, Trooper Steele responded to the scene, spoke with the defendant, checked his computer, and then provided Trooper Jackson with the defendant's date of birth and driver's license number. Trooper Jackson then ran that number through his computer and learned that the defendant's driver's license was suspended.

Trooper Jackson testified that he wrote the defendant citations for the registration violation, the child restraint violations, and the suspended driver's license violation, but the defendant refused to sign them. He, therefore, arrested the defendant and took him to jail. Trooper Jackson identified a certified copy of the defendant's driving record from the Tennessee Department of Safety, which was admitted as a trial exhibit. The record reflects that the defendant's driver's license was suspended on July 20, 2006. On cross-

2

examination, Trooper Jackson acknowledged that the defendant's license plate read "United States of America sovereign citizen" and did not state that the vehicle to which it was attached was "a motor vehicle" or "a passenger motor vehicle." He further acknowledged that the defendant's driver's license was expired.

The defendant's sole witness was Kathy Pinkston, who is, apparently, the Carroll County Deputy Court Clerk who signed the affidavit of complaint against the defendant. Pinkston acknowledged that the defendant did not sign the complaint and that she had no knowledge of "any document reflecting [the defendant's] authorized signature to appear as the Defendant[.]"

## ANALYSIS

As best as we can understand, the issues the defendant raises on appeal are whether the court had in personam jurisdiction over his case and whether the evidence was sufficient to sustain his convictions. With respect to the first issue, the defendant appears to argue that the court lacked jurisdiction to try him on the charges because he never signed the affidavit of complaint or consented to the charges and his driver's license, which the trooper used to identify him, was expired and invalid. With respect to the second issue, the defendant appears to rely on Tennessee Code Annotated section 55-10-312, entitled "Registration prima facie evidence of ownership and that operation was for owner's benefit" to argue that he cannot be charged with operating a motor vehicle on a suspended license because his vehicle was unregistered. According to his reasoning, the State, because of his unregistered vehicle, lacked prima facie evidence of his ownership of the vehicle and that he was operating it within the scope of his employment. The defendant, apparently, believes that he has a "right" to operate a vehicle for personal travel and is required to have a driver's license and vehicle registration only when exercising the "privilege" of operating a vehicle for commerce.

Almost identical arguments have been previously rejected by this court. The defendant in State v. Booher, 978 S.W.2d 953 (Tenn. Crim. App. 1997), was stopped by a police officer for driving a vehicle that, instead of a Tennessee license plate, displayed a poster board stating "R.K. Booher, Tennessee Citizen, Owner, Humphreys County Resident." Id. at 955. The defendant, who had no Tennessee driver's license, refused to sign the citations prepared by the officer and was later convicted in a bench trial of driving without a license and driving without vehicle registration. Id. at 954. On appeal,

3

he argued, among other things, that the trial court lacked in personam jurisdiction over his case because he never consented to the charges or granted the court authority to try him. Id. at 957. We rejected that argument, stating:

> Consent to laws is not a prerequisite to their enforceability against individuals. No person in the State of Tennessee may exempt himself or herself from any law simply by declaring that he or she does not consent to it applying to them. To do so would result in sheer anarchy. We must all abide by the valid laws, even the ones with which we do not agree, or justice will be served against us for the violation. The appellant's presence at his trial in Humphreys County is sufficient to establish jurisdiction over his person.

Id. (citations omitted).

We also rejected the defendant's argument that he could not be guilty of the offenses because "a vehicle only becomes a 'motor vehicle' when it is registered," and he was not required to register his vehicle because he was not engaged in commerce. Id. at 955-56; see also State v. Goodson, 77 S.W.3d 240, 242 (Tenn. Crim. App. 2001) (applying rationale of Booher to reject defendant's claim that he had a constitutional right to drive a vehicle on a public roadway without a license).

We, similarly, reject the defendant's arguments in the case at bar. In so doing, we note that the code section cited by the defendant has no relevance to the defendant's offenses. The defendant was convicted of a violation of Tennessee Code Annotated section 55-4-108(a), which makes it a Class C misdemeanor not to carry and display on demand a vehicle's certificate of registration, and of a violation of Tennessee Code Annotated section 55-50-504, which makes it a Class A misdemeanor to drive a vehicle on a public road or other premises frequented by the public when the person's license has been cancelled, suspended or revoked and the person has a prior conviction for the same offense. We, therefore, conclude that the defendant's issues are without merit.

4

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE