IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2015

## STATE OF TENNESSE v. FREDERICK J. SCHMITZ, JR.

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2014-CR-125     David Wolfe, Judge**

---

**No. M2014-02377-CCA-R3-CD – Filed August 13, 2015**

---

The defendant, Frederick J. Schmitz, Jr., appeals his Dickson County Circuit Court jury conviction of driving without a license, for which he received a sentence of 30 days' probation. In this appeal, the defendant argues that the trial court lacked jurisdiction to impose the conviction, that Tennessee Code Annotated section 55-50-301 is unconstitutional, and that various procedural errors occurred attendant to his conviction. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Frederick J. Schmitz, Jr., McEwen, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Billy Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 27, 2013, an officer pulled over the defendant for improper passing and issued a citation for driving without a valid driver's license. *See* T.C.A. § 55-50-301(a)(1) ("No person, except those expressly exempted in this section, shall drive any motor vehicle upon a highway in this state unless the person has a valid driver license under this chapter for the type or class of vehicle being driven."). On January 24, 2014, the defendant appeared in the Dickson County General Sessions Court as required by the citation. The record on appeal does not contain a transcript of that hearing but does indicate that the case was continued to March 14, 2014. On that date, according to the documentation in the record, the defendant waived his right to a preliminary hearing, and

the case was bound over to the grand jury. The defendant was arrested, and the court set a bond of $250. No transcript of the general sessions court proceeding appears in the appellate record. The Dickson County Grand Jury charged the defendant with driving without a license in violation of Code section 55-50-301.

The defendant moved to dismiss the indictment under the terms of the Uniform Commercial Code and for lack of "political, personam, and subject matter jurisdiction, Venue and under the 11th amendment." No transcript of any hearing on these motions appears in the record on appeal.

At the conclusion of the October 22, 2014 jury trial, the jury convicted the defendant as charged of driving without a license. The trial court imposed a sentence of 30 days' probation. The appellate record does not contain a transcript of either the trial or the sentencing hearing. The defendant did not file a motion for new trial but did file a timely notice of appeal.

In this appeal, the defendant claims that the trial court was without jurisdiction to impose his conviction, that Code section 55-50-301 is unconstitutional, that the general sessions court judge improperly practiced law from the bench, that the prosecutor engaged in prosecutorial misconduct by using derogatory language when questioning the defendant's wife at trial, and that the Dickson County Circuit Court Clerk presented forged documents to the grand jury and to this court.

## I. Jurisdiction

We consider first the defendant's claim that the trial court lacked subject matter jurisdiction to impose his conviction because a lack of subject matter jurisdiction would render his conviction void. *See Brown v. Brown*, 281 S.W.2d 492, 502 (Tenn. 1955) ("Courts derive their powers to adjudicate not from the parties, but from the law. A Court acting without jurisdiction of the subject matter, or beyond the jurisdiction conferred upon it, is therefore acting without authority of law and its judgments and decrees in so acting are void and bind no one.").

The meager record before us indicates that the defendant was pulled over in Dickson County for improper passing. When the officer who effectuated the traffic stop discovered that the defendant was in possession of an identification card, *see* T.C.A. § 55-50-336(a)(1) ("Any person eighteen (18) years of age and older, upon submission of a satisfactory application and proof of identity, may be issued a photo identification license restricted in use to identification only."), but not a valid driver's license, *see id.* § 55-50-336(b) ("The photo identification license shall have substantially the same content as a driver license, but shall clearly indicate that it is not a driver license by having printed

prominently thereon the following statement: 'FOR IDENTIFICATION PURPOSES ONLY--NOT VALID FOR VEHICULAR USE.'"), the officer issued to the defendant a citation for driving without a license as prohibited by Code section 50-55-301(a)(1).

Article VI, section 1 of the Tennessee Constitution provides: "The judicial power of this State shall be vested in one Supreme Court and in such Circuit, Chancery and other inferior Courts as the Legislature shall from time to time, ordain and establish; in the Judges thereof, and in Justices of the Peace." Tenn. Const. art. VI, § 1. Code section 16-1-101 provides: "The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, courts of appeals, and the supreme court, and other courts created by law." T.C.A. § 16-1-101. Code section 16-10-102 vests in the circuit courts of the state "exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided by statute or this code." *Id.* § 16-10-102; *see also id.* § 16-10-101 ("The circuit court is a court of general jurisdiction, and the judge of the circuit court shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."). Exercising the power granted via Article VI, the legislature created 31 judicial districts and vested jurisdiction of criminal cases arising in Dickson County in the trial judges for the Twenty-third Judicial District. *See id.* § 16-2-506(23)(A). Because the offense occurred in Dickson County, the Dickson County Circuit Court had subject matter jurisdiction over the defendant's misdemeanor charge of driving without a license.

The defendant also claims a lack of personal jurisdiction, arguing that he "has no Contract with" the circuit court and that because he "was not engaged in commerce," he did not acquiesce to the court's jurisdiction. He failed to cite any authority to support this proposition. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Moreover, we have specifically rejected an argument identical to the defendant's:

> We reject the appellant's argument that he is exempt from the laws of this state because he has never consented to nor granted the State the authority to try him for criminal acts or omissions. Consent to laws is not a prerequisite to their enforceability against individuals. No person in the State of Tennessee may exempt himself or herself from any law simply by declaring that he or she does not consent to it['s] applying to them. To do so would result in sheer anarchy. We must all abide by the valid laws, even the ones with which we do not agree, or justice will be served against us for the violation. The

-3-

appellant's presence at his trial in Humphreys County is sufficient to establish jurisdiction over his person.

*State v. Booher*, 978 S.W.2d 953, 957 (Tenn. Crim. App. 1997) (citations omitted). Finally, the record establishes that the defendant, a resident of this state as evidenced by his possession of a state-issued identification card, drove a motor vehicle on a public highway in Dickson County and then personally appeared in the Circuit Court of Dickson County to stand trial in this case, thus vesting that court with personal jurisdiction.

## II. *Constitutionality of Code section 55-50-301*

The defendant argues that Code section 55-50-301 is unconstitutional because the statute's requirement that he obtain a license to drive has a chilling effect on his federal constitutional right to travel freely in the United States. This court has previously considered and rejected this same argument. *See Booher*, 978 S.W.2d at 955; *see also, e.g.*, *State v. Paul Williams, a/k/a Paul Williams El*, No. W2014-00231-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Apr. 7, 2015).

In *Booher*, Booher, who had been convicted of violating the registration law and driving without a license, argued in the trial court "that he was only exercising his right as an 'unenfranchised citizen of Tennessee' to use his private property on the public highway over which every citizen has a right to pass" and that, "because he was not engaged in commerce, his vehicle was not required to be registered."[1] *Id.* at 955. Booher argued that those statutes requiring him to register his vehicle and obtain a driver's license before operating a motor vehicle on the public roads of this state impeded his constitutional right to freely travel throughout the state. We explained, however, that although every American enjoys "a fundamental right to freedom of travel," "[t]ravel, in the constitutional sense . . . means more than locomotion; it means migration with the intent to settle and abide." *Id.* (citations omitted). Observing that the freedom "to operate a motor vehicle on the public highways of this state" was a notion "wholly separate from the right to travel," *see id.*, we reiterated that "[t]he ability to drive a motor vehicle on a public highway is *not* a fundamental 'right'" but is instead "a revocable 'privilege' that is granted upon compliance with statutory licensing procedures," *see id.* at 956 (citations omitted). We concluded that "our legislature, through its police power, may prescribe conditions under which the 'privilege' of operating automobiles on public highways may be exercised" and that "[r]equiring persons to obtain a driver's license and to register their automobiles with the State" was a reasonable exercise of that power. *Id.*

---

[1] The defendant also claimed in many of his pleadings that he, too, is an "unenfranchised citizen" and that the driver's license law does not apply to him because he was "not engaged in commerce," but, unlike Booher, he stated that Tennessee is a "Fictitious Foreign State."

We see no reason to depart from the reasoning in *Booher* and conclude that Code section 55-50-301 is not unconstitutional.

In a somewhat related issue, the defendant challenges Code section 55-50-301 on grounds that obtaining a driver's license would require him to use his social security number and, citing *Revelations* 13:15-18, that the use of this number would require him to "carry the mark of the beast." This court has previously rejected a similar argument. In *State v. Loudon*, Loudon argued that "requiring a social security number for a driver's license application and renewal" was an unconstitutional violation of the Free Exercise Clause of the First Amendment, claiming, as does the defendant here, that social security numbers were "now becoming the mark of the beast against which we are warned in the Bible at Revelations 13:16–18, 14:11, and other places. . . . and I cannot permit myself to be defiled with your number, as it would surely defile me." *State v. Loudon*, 857 S.W.2d 878, 879, 880 (Tenn. Crim. App. 1993). We concluded that a legitimate state interest existed "which justifies the [,erstwhile] statutory requirement that the driver's social security number appear on the face of the license issued by the Department of Safety." *Id.* at 882. Again, we see no justification to depart from our earlier reasoning.

In sum, Code section 55-50-301 is not unconstitutional.

### III. Remaining Challenges

As indicated above, the defendant also contends that the general sessions court judge improperly practiced law from the bench and that the prosecutor engaged in prosecutorial misconduct by using derogatory language when questioning the defendant's wife at trial. Unfortunately, the appellate record does not contain a transcript of either the general sessions court proceeding or the trial. The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," *see* Tenn. R. App. P. 24(b). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Because the defendant failed to include the transcripts in the record, we cannot evaluate either claim and must presume that the rulings of the trial court relative to these claims were correct.

The defendant also waived these issues by failing to raise them in a motion for new trial, *see* Tenn. R. App. P. 3(e) ("[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . [any] ground upon which a new trial is

sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a timely motion for new trial but were not raised in the motion); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989), and any attempt at plain error review is rendered impossible by the defendant's failure to prepare an adequate record on appeal.

The defendant also claims that the Dickson County Circuit Court Clerk presented forged documents to the grand jury and to this court. He does not specify which documents he contends were falsified and has failed to include them in the appellate record. He also failed to raise this issue in a motion for new trial. Under these circumstances, he has waived our consideration of this issue.

*Conclusion*

We conclude that the trial court possessed both subject matter and personal jurisdiction to impose the defendant's conviction; that Code section 55-50-301 is not unconstitutional; and that the defendant has waived appellate review of his remaining issues. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE